John Curtis, Jr., v. John C. Winston, William Ellis Stokes and Austin C. Leeds, trading as John C. Winston & Co., Appellants.

*Practice, Supreme Court—Exception to charge—Assignments of error—Stenographers.*

There must be an exception noted to the charge, before a verdict, to enable a complaining party to successfully assign error thereto, afterwards. It is not necessary to specify the error at that time; but counsel must then indicate their dissent from the law as announced by the judge, by having noted an exception to the charge, and must also request, before verdict, that the charge be reduced to writing from the stenographer's notes and filed of record, and that he does so request must appear of record. If the record does not so show, his appeal will be quashed on motion of the opposite counsel.

Argued Jan. 21, 1898. Appeal, No. 308, Jan. T., 1898, by defendants, from judgment of C. P. No. 2, Phila. Co., June T., 1895, No. 674, on verdict for plaintiff. Before Green, Williams, McCollum, Mitchell and Dean, JJ. Appeal quashed.

Assumpsit to recover a salary.

Motion to quash appeal.

In this case no formal bill of exceptions was filed. The cause was tried May 11, 1897, and a verdict for $1,714.95 rendered for the plaintiff.

On July 17, 1897, the court appended to the stenographic notes this certificate :

" I hereby certify that the foregoing is a full and accurate transcript of the stenographer's notes of trial and the charge of the court in said case, as tried before me on the 11th day of May, 1897, which contain all that occurred during the trial, and I hereby direct the same to be filed in accordance with a request made to me on June 9, 1897."

*George Gluyas Mercer* and *Hampton L. Carson*, for appellants.—Appellants admit that the better practice requires that, at the trial and before verdict, specific or general exception to the charge of the court should be asked for, coupled with a request that the court direct the stenographer to write out the charge, and that by direction of the court the charge when thus written out shall be filed of record. Obviously, however, cases pointing out such practice do not establish necessarily that no other practice ever could be permitted. The appellant, therefore, concedes this force, and no more, to Rosenthal v. Ehrlicher, 154 Pa. 401, and Connell v. O'Neil, 154 Pa. 588, cited by appellee.

In Pool v. White (1895), 171 Pa. 500, KENNEDY, P. J., attached to the record, after it came into the Supreme Court, a certificate that the charge as printed was correct, but declined to order it filed or otherwise made part of the record. In City v. West Philadelphia Institute, 177 Pa. 37, the syllabus is as follows : " An appeal will be quashed where the record shows that no exception was filed in the court below, and that no order was made by the court to the stenographer to file his notes." In Roller v. Meredith, 4 Pa. Superior Ct. 461, the record did not show what judgment was entered on, or that any exception was asked for or allowed in the court below. No assignment of error was filed, and there was nothing on the record for the court to decide.

Statutes in Pennsylvania have abolished many technicalities of the common law regulating bills of exceptions, and have provided for official stenographers. This legislation has made important changes in the functions which the bill of exceptions fills in modern practice.

The functions of a bill of exceptions at common law, and the changes produced by statute in this state, are shown by Wheeler v. Winn, 53 Pa. 122 ; Rosenthal v. Ehrlicher, 154 Pa.

396; Connell v. O'Neil, 154 Pa. 582; Commonwealth v. Arnold, 161 Pa. 320.

The certificate of the learned trial judge conformed to every requirement specified in the decisions of this Court. It was equivalent to the allowance of exceptions to the charge nunc pro tunc. It was the exercise of the discretionary power which the court will not interfere with or even review.

*Horace M. Rumsey*, and *Alex. Simpson, Jr.*, for appellee, cited, on the motion to quash, Rosenthal v. Ehrlicher, 154 Pa. 491; Connell v. O'Neil, 154 Pa. 588; Pool v. White, 171 Pa. 500; City v. Institute, 177 Pa. 37; Janney v. Howard, 150 Pa. 329; R. R. Co. v. Hall, 61 Pa. 366.

These cases are fully discussed in the opinion of the Supreme Court.

OPINION BY MR. JUSTICE DEAN, July 21, 1898 :

This was an action of assumpsit, in which there was a verdict and judgment in the sum of $1,714.95 for plaintiff, and defendants appeal. Plaintiff's counsel move to quash the appeal, because there was no exception in the court below to rulings on evidence or to the charge; and further, no request by counsel for appellants to the court, before verdict, for an order directing the charge to be made matter of record for purposes of enabling them to except thereto.

Should this motion prevail? The Act of February 24, 1806, P. L. 334, section 25, provides: "If either party by himself or counsel require it, it shall be the duty of the said judges, respectively, to reduce the opinion so given, with their reasons therefor, to writing, and file the same of record, in the cause." Then came the Act of April 15, 1856, P. L. 337, section 1: "The president judges of the several courts of common pleas of this commonwealth shall, in every case tried before them, respectively, upon request of any party or attorney concerned therein, reduce the whole opinion and charge of the court, as delivered to the jury, to writing, at the time of the delivery of the same, and shall forthwith file the same of record."

Under this legislation, and by the statute of Westminster, the established practice for six hundred years to bring upon the record any part of the proceedings anterior to the verdict, except

the calling of the jury, as is said by our Brother MITCHELL in Connell v. O'Neil, 154 Pa. 582, was by bill of exception. And in Rosenthal v. Ehrlicher, 154 Pa. 401, in speaking of the acts of 1806 and 1856, this Court says: " When the charge was put on the record under either of these statutes, error might be assigned to any part of it, whether an exception had been taken to such part of it at the time of its delivery or not. A general exception to the charge was all that was necessary. This brought it upon the record, and it was then open to correction in every particular."

Certainly, there can be no misunderstanding of the construction put upon these statutes by this Court. But then came the Act of March 24, 1877, P. L. 38, of which sections 1 and 2 enact: " Whenever in the trial of a cause before any of the judges of the several courts of common pleas within this commonwealth, if any of the parties or their counsel shall request the court to charge the jury on particular points of law drawn up in writing and handed to the court before the close of the argument to the jury, the judge who charges the jury shall reduce the answers to the points to writing, and read them to the jury before they retire from the bar to consider the verdict; and the said points and answers thereto shall be filed immediately by the court or judge, and become part of the records of the case for the purposes of error.

" The charge and answers of the court to points in all cases, where filed, shall be part of the record for the purpose of assignment of errors."

Next followed the Act of May 24, 1887, P. L. 199, the third section of which provides: " It shall be the duty of said stenographer or stenographers to take full stenographic notes of the testimony in all proceedings in any trial of facts, together with the judge's charge, and together also with every ruling, order and remark of the judge relating to the case upon the trial, made in the presence and hearing of the jury in any stage of the proceedings, to which either party may except in the same manner and with the same effect as is now practiced in relation to the judge's charge."

The only change brought about by the legislation subsequent to the act of 1856, as is said by our Brother WILLIAMS in Rosenthal v. Ehrlicher, supra, was that " when once on the

record, the charge was open to attack in any part, and the appellant was at liberty to assign as many errors as he pleased." And further, from the same case: "The proper practice since the act of 1877 is to except to the charge generally, before verdict, as was done before the passage of that act. The party excepting should at the same time request that the charge and answers to points be written out and filed by the stenographer." Then further, in Connell v. O'Neil, supra : "In regard to the charge to the jury, including the answers to points presented by the parties, the several acts of assembly of February 24, 1806, April 15, 1856, and March 24, 1877, have provided an additional way of getting them upon the record, beside a bill of exceptions, to wit, a filing by the judge upon request of a party. . . . When the charge has been thus filed by the judge's direction at the express request of a party made before verdict, and only when such direction affirmatively appears, the charge becomes part of the record and is assignable for error." Then again, in Smith v. Times Publishing Co., 178 Pa. 497, Justice MITCHELL, in noting the persistent misunderstanding of what was decided in Janney v. Howard, 150 Pa. 339, says : " An inadvertent expression in the opinion, however, that errors may be assigned, ' to any part of a charge which has been filed with or without request,' fell in so conveniently with the indolence or carelessness of some practitioners that it has been constantly harped upon since, as if it meant that this Court would take judicial notice of the charge without inquiring how it came before us, and this idea still persists, notwithstanding the explicit and reiterated rulings to the contrary. . . : Fries v. Null, 154 Pa. 573, and Grugan v. Phila., 158 Pa. 337, followed Janney v. Howard as to the assignment of errors to a charge properly filed, but did not go beyond that and so far as Janney v. Howard appears to give countenance to anything further, it is now definitely overruled, and is not to be cited again as authority on that point." Further, in Railroad Co. v. Hall, 61 Pa. 366, Justice WILLIAMS speaking for this Court says : "The charge, which is the basis of the other assignments, is not properly on the record. No exception was taken to it, nor was the court asked to reduce it to writing and file it at the time of the trial. It was filed, as the presiding judge certifies, at the request of counsel of the defendants below, made more than

seven months after the verdict was rendered, and a month after judgment was entered thereon, and without any bill of exceptions being sealed thereto. As the charge has not been brought upon the record. . . . it is not properly before us, and this would be a sufficient reason for disregarding the assignments of error and affirming the judgment."

What is our settled construction of the statutes on this subject? 1. There must be an exception noted to the charge before verdict to enable a complaining party to successfully assign errors thereto afterwards. It is not necessary to specify the error at that time. But counsel must then indicate their dissent from the law as announced by the judge by having noted an exception to the charge. He then knows, if he ever knows, whether his contention is sustained or overruled. He is no longer bound to tender a bill of exceptions, specifying particularly the errors he complains of, and praying that bills be sealed. Of this, the legislation since 1856 has relieved him; but he has not been relieved either by statute or decision, if he has any objection to the law announced in his hearing by the court, of then making it known of record. It is asking but little of him that, if he then have any reason to dissent, he have his exception noted of record. 2. He must request, before verdict, that the charge be reduced to writing from the stenographer's notes and filed of record, and that he does so request must appear of record. If the record does not so show, his appeal will be quashed on motion of the opposite counsel.

The record here shows no exception to the charge before verdict, and no request to the court before verdict to order it to be filed. Consequently, there is no charge lawfully of record for our consideration. Therefore it is directed that the appeal be quashed at costs of appellants.