## Theodore F. Scott and John E. Roberts, trading as Scott & Roberts, *v.* Joseph E. Smaltz, Appellant.

*Appeals — Practice, Superior Court — Refusal to affirm points — Oral charge.*

The record failing to show any request made, before verdict, to have the judge's charge filed, or that any written requests for instructions were presented to the court or any suggestion of an exception to the action of

the court in failing to answer points, it follows that the assignments of error to the charge and answers to the points have no foundation in the record and the appeal must be quashed.

Argued Oct. 5, 1898. Appeal, No. 43, Oct. T., 1898, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1896, No. 828, on verdict for plaintiff. Before REEDER, OR-LADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Appeal quashed.

Assumpsit to recover commissions. Before FINLETTER, P. J.

It appears from the docket entries that verdict was entered for plaintiff on January 24, 1898. Same day motion for new trial filed. On February 14, 1898, ordered that the testimony, points and charge in the above case be filed of record. Same day, transcript of stenographer's notes filed. February 25, 1898, rule for new trial discharged. March 2, 1898, jury fee paid. Same day, judgment for plaintiff for $904. From the notes of testimony the following entry appears, as being an oral charge by FINLETTER, P. J.: ["Gentlemen of the jury: In this case there is no defense, and your verdict must be for the plaintiffs."

Counsel for defendant asks for an exception to the binding instructions of the court to find for the plaintiffs.] [9]

Verdict and judgment for plaintiff for $904. Defendant appealed.

*Errors assigned* were (1–7) in not affirming certain points of defendant. (8) In ignoring the points presented by the defendant. (9) To the general charge, reciting same.

*Henry Budd,* with him *Wm. C. Stoever,* for appellant.—His honor also erred in ignoring the points presented to him; they were all drawn with reference to the facts of the case, were not mere abstractions, and as such were entitled to answers, either affirmative or negative; if, however, the binding charge is to be regarded as a general negative of all the points submitted, it is then submitted that there was error in refusing the points submitted.

*Frederick A. Sobernheimer,* for appellee.—The record does not

show that any points were submitted to the learned trial judge, and thus it is not fair to assign errors, by reason of the fact that they were not answered. It will appear that no exception was taken by the defendant by reason of the points not being answered, or refused.

OPINION BY W. D. PORTER, J., March 23, 1899:

The assignments of error numbered from one to eight inclusive relate to the answer of the court to points alleged to have been submitted by appellant. The record does not show that any written requests for instructions were presented to the court, nor does it contain any suggestion of an exception to the action of the court in answering or failing to answer any point. For this reason those eight assignments of error must fall.

The ninth assignment alleges error in the oral charge of the court. The record shows that no request was made, before verdict, that the charge be reduced to writing and filed of record. This being the state of the record, counsel for appellee moves to quash the appeal.

In discussing the proper practice to take advantage of alleged error in the oral charge of the trial court, Mr. Justice MITCHELL, in Connell v. O'Neil, 154 Pa. 582, said, "When the charge has been thus filed, by the judge's direction at the express request of a party made before verdict, and only when such direction affirmatively appears, the charge becomes part of the record, and is assignable for error."

This whole question has been so clearly treated and definitely determined by Mr. Justice DEAN, in the recent case of Curtis v. Winston, 186 Pa. 492, as to leave nothing further to be said upon the subject.

There is no charge lawfully upon the record for our consideration and the record shows that no points were presented to the trial judge. None of the assignments of error have any foundation in the record and the motion to quash must prevail. Therefore it is ordered that the appeal be quashed at costs of appellant.