## Chambers, Appellant, *v.* Carroll.

*Negligence—Remote and proximate cause—Question for jury.*

In an action to recover damages for personal injuries by a boy twelve years old the evidence tended to show that the plaintiff at the time of the accident was seated in a vacant lot on a log close to a frame building. Seated nearby was a companion. A horse and cart owned by defendant was suddenly driven on the lot at a point where carts had not been driven on to the lot, and where the curb was eight inches high. The horse hauling the cart was driven so rapidly that the boys did not see him until he was almost upon them, and he passed so near them that they could not sit on the log or stand between the horse and the building. Plaintiff in his attempt to escape was pushed or struck by the log and fell under the wheel of the cart and was injured. What caused the log to move did not clearly appear. Plaintiff testified that he thought that his companion in jumping must have moved the log. The boys were in plain view of the driver when he turned upon the lot. *Held* (1) that the question of defendant's negligence was for the jury; (2) that the moving of the log was not the proximate cause of the injury; (3) that if the moving of the log was the cause of the injury, it was the innocent cause, and between an innocent and a culpable cause, the latter is the proximate and legally responsible cause.

Argued April 4, 1901. Appeal, No. 25, Jan. T., 1901, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1898, No. 490, refusing to take off nonsuit in case of William Chambers in his own right and as father and next friend to William Chambers v. Michael J. Carroll, Eugene H. Carroll and Peter F. Carroll, trading as H. C. Carroll & Son. Before McCOLLUM, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order refusing to take off nonsuit.

*Albert D. Wilson,* for appellant.—To suddenly and without warning drive a horse, drawing a loaded cart, rapidly over a curb eight inches high in the city of Philadelphia on to a lot immediately where three men sat, is certainly doing that which a prudent man would not do, especially where no vehicle had previously gone. The men were where the driver might have seen them if he had looked. This establishes the negligence of the defendant.

The question of proximate cause is for the jury where the facts are in dispute, and for the court if they are not in dispute: West Mahanoy Twp. v. Watson, 112 Pa. 574; Pennsylvania R. R. Co. v. Hope, 80 Pa. 373; Swanson v. Crandall, 39 W. N. C. 24.

The doctrine of proximate cause as modified by an agency wanting in freedom is that a person placed in a position of peril is not bound to exercise the same degree of care and maturity of judgment, as is required of one not so placed: Vallo v. United States Express Co., 147 Pa. 404; Stover v. Penna. R. R. Co., 195 Pa. 616; Cannon v. Pittsburg, etc., Traction Co., 194 Pa. 159; Brown v. Kendall, 6 Cush. 292; Donahue v. Kelley, 181 Pa. 93; P. W. & B. R. R. Co. v. Brannen, 17 W. N. C. 227; Lowery v. Manhattan Ry. Co., 99 N. Y. 158; Ryan v. Ardis, 190 Pa. 66; Merriman v. Phillipsburg Borough, 158 Pa. 78; Boro. of Easton v. Neff, 102 Pa. 474; Foot v. American Product Co., 195 Pa. 190.

*Thomas Earle White,* for appellees.

OPINION BY MR. JUSTICE FELL, May 20, 1901:

The facts on which the question to be considered arises, may be briefly stated. William Chambers, a boy twelve years old, was seated on a log one foot in diameter and four feet long, which was on a vacant lot, close to the end of a frame shop that fronted on Haverford avenue, about midway between 59th and 60th streets. The shop was eight feet from the curb, and the space between it and 59th street was open. A companion named Kennedy sat on a piece of board between Chambers and the avenue. A horse and cart owned by the defendants and in charge of their driver, were suddenly turned from the avenue, and without warning crossed the curb and the footwalk to the

vacant lot.   The horse was driven so rapidly that the boys did not see him until he was almost on them, and he passed so near the end of the shop as not to leave room for them to sit or, probably, to stand between it and the wheel of the cart, the distance from the building to the wheel according to the estimates of the witnesses being from one to four feet.   Kennedy first saw the danger, and sprang up and ran by Chambers, calling to him to get out of the way.   Kennedy escaped without injury.   Chambers, in his attempt to escape, was pushed or struck by the log, and fell under the wheel, which passed over his leg.   What caused the log to move did not clearly appear.   He testified that when he heard the call, the horse was within a few inches of him, and when he went to get up, the log hit his leg and knocked him down ; that he did not know what moved the log, but thought that Kennedy must have kicked it as he ran.   Kennedy testified that he did not touch the log.   There was testimony that earth had been banked up against the end of the shop to the height of over a foot, making an incline at the place where the log lay.   The curb was eight inches high, and carts had not before crossed it at this place, but had entered the lot at a point on the other side of the shop near 60th street.

The testimony made out a prima facie case of negligence on the part of the driver, who without warning turned from the street and drove on the lot where the boys were seated and were in plain view after he reached 59th street.   The learned trial judge regarded the case as a close one, but entered a nonsuit on the ground that the plaintiff was thrown or forced under the wheel by the movement of the log ; and whether its movement was caused by Kennedy's striking it or by the plaintiff in his effort to escape, the cause of the accident was not one for which the defendant was liable.   This, we think, is not the correct view.

The wrongful act of the driver was the direct and proximate cause of the plaintiff's injury.   It placed him in a position of imminent peril, where he would have been run over if he had sat still, and where his only means of escape was to run at the side of the horse and in front of the wheel until he passed the shop.   If the log had been in his way, and he had fallen over it, or if it had not been there at all, and he had tripped and fallen from some other cause as he ran, his fall while resulting in

his injury by preventing his escape would not have been its dominant cause, but only an incident of it. The result is the same if the movement of the log forced him under the wheel, and whether its movement was caused by Kennedy in striking it as he passed or by the plaintiff in rising from it, either act would be an accidental one resulting from the alarm and the necessity for hasty action caused by the negligent act of the driver, and neither would relieve the defendant of responsibility. In no sense was the rolling of the log an independent intervening cause which interrupted the natural sequence of events and broke the chain of responsibility. It did not inflict the injury, but only retarded the plaintiff's movements and prevented his escape. Had it inflicted the injury, it would not have been the responsible cause, for it would have been an intervening cause set in motion by the negligent act of the driver. Moreover it would have been an innocent cause, and between an innocent and a culpable cause the latter will be held to be the proximate and legally responsible cause. In Pittsburg v. Grier, 22 Pa. 54, piles of pig iron had been negligently left on a wharf near the low watermark; when the river rose, a steamboat in order to avoid injury by the iron was backed into the stream, where it was injured by a floating object. It was said in the opinion: " But a cause is not too remote to be looked to because it produced the danger by means of an intermediate agency; when the injury was the immediate consequence of some peril to which the suffering party was obliged to expose himself in order to avoid the one for which he sues, it is proximate enough."

The judgment is reversed with a procedendo.