# Leonard *v.* Leslie, Appellant.

*Practice, C. P.—Exception—Appeal.*

Where it does not appear affirmatively from the record that an exception was noted to the charge before verdict, or that the defendant requested before verdict that the charge be reduced to writing from the stenographer's notes and filed of record, and there is no ground for inferring with any degree of certainty that the proceedings were had before verdict, an appeal based upon them will be quashed.

Argued May 13, 1903. Appeal, No. 126, April T., 1903, by defendant, from judgment of C. P. Lawrence Co., Dec. T., 1898, No. 1, on verdict for plaintiff in case of Henrietta D. Leonard v. Nicholas V. Leslie and James A. Slack. Before

64          LEONARD *v.* LESLIE, Appellant.

RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Appeal quashed.

Issue to determine the title to real estate.   Before RAY-BURN, P. J., specially presiding.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*J. M. Martin*, with him *D. S. Morris* and *S. W. Dana*, for appellants.

*Aaron L. Hazen*, with him *B. A. Winternitz* and *John G. Mc-Conahy*, for appellee.

PER CURIAM, May 22, 1903 :

The plaintiff moved to quash the appeal because the record does not show that, before verdict, an exception was noted to the charge or that the appellant requested before verdict that the charge be reduced to writing from the stenographer's notes and filed of record.   The docket entries show that the verdict was rendered on January 12, and that on the following day the defendant filed a motion for a new trial.   They show nothing as to an exception to the charge or a request to have it reduced to writing and filed of record.   In the stenographer's transcript the proceedings are set down in the following order : First, the defendant excepted " to the general charge of the court and the instructions to the jury as to the law ; " second, at the request of their counsel a bill of exceptions was sealed by the presiding judge; third, upon motion of their counsel a rule to show cause why a new trial should not be had was granted; fourth, they requested the court to order that the notes of testimony and the charge be reduced to writing and filed by the stenographer, which request was granted.   In order to bring the case within the rule laid down in Curtis v. Winston, 186 Pa. 492, we must assume, without anything in the record or the stenographer's transcript to show it, that all these proceedings were had before verdict.   It would seem from the

transcript that the exception to the charge, the motion for a new trial and the request to have the testimony and charge transcribed and filed of record were all made on the same day; but as the request to have the evidence and charge transcribed was made after, or was coupled with, the motion for new trial, the more natural inference is that it was not made until after verdict. To say the least, and this is sufficient for present purposes, it does not affirmatively appear, nor is there ground for inferring with any degree of certainty, that any of the proceedings above referred to were had before verdict. It follows that the charge is not properly on the record, and as the assignments of error relate exclusively thereto, the plaintiff's motion to quash must be allowed. See Curtis v. Winston, supra.

Appeal quashed.