# Cohn, Appellant, v. May.

*Negligence—Proximate and remote cause—Intermediate agency—Pleading —Variance.*

A cause is not too remote merely because it produces the damages by means of an intermediate agency. Where the injury is the immediate consequence of some peril to which the injured party is obliged to expose himself in order to avoid the peril arising from the defendant's negligence, it is proximate enough.

Where a lower tenant in a building negligently obstructs with boxes a stairway, so that during a fire an upper tenant is unable to escape by the stairway, and is injured while escaping through a window, the obstruction is the proximate and effective cause of the injury.

In the above case the statement averred that the defendant was the landlord while at the trial it appeared that he was merely a tenant. The statement set forth facts sufficient to sustain a charge of negligence against the defendant. *Held,* that there was no substantial variance between the statement and the proof, inasmuch as the reference to the relations of the parties to the building was merely explanatory and might have been omitted.

Argued Jan. 4, 1905.    Appeal, No. 93, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1900, No. 288, refusing to take off nonsuit in case of Alexander B. Cohn v. Simon May, trading as the American Straw Novelty Company.  Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.  Reversed.

Trespass to recover damages for personal injuries.  Before BEITLER, J.

On motion to take off nonsuit BEITLER, J., filed an opinion in which he stated the facts to be as follows:

Plaintiff was in partnership with his brother. The firm occupied the fifth story of a building on Arch street east of Eighth, and manufactured clothing. The defendant occupied the lower stories. A fire occurred in the premises in the evening. The plaintiff attempted to escape by a flight of stairs which ran to the Arch street front, but found his exit cut off by flames. He then tried the back staircase, but found that there was some obstruction preventing his exit. In the darkness he could not tell what it was. He then retreated to the upper story, and tried the outside fire escape, but the flames

were then sweeping across the escape on a lower story. The owner had provided chains and ropes, and the plaintiff slid down one of the ropes. It did not reach below the second story, and when the plaintiff came to the end of the rope he was compelled to drop to the street. He was injured by having the palms of his hands blistered in sliding down the rope, and in his limbs and back by the drop from the end of the rope.

In his statement he set out that the defendant was the lessee of the entire building, and rented the fifth floor to the plaintiff and his brother as partners, and it was defendant's duty " to accord to the plaintiff ready and convenient ingress and egress to said building by a certain stairway which led to and from the fifth floor of said building, yet the said defendant . . . . wholly disregarding his duty in the premises was negligent therein, and permitted and caused to be placed upon said stairway divers boxes, so that the same became choked and blocked with said boxes, and ingress and egress to said fifth floor by way of said stairway was cut off."

At the trial the evidence showed that plaintiff's firm and defendant were tenants of the same landlord, and that no relation of landlord and tenant existed between defendant and plaintiff. Thereupon the plaintiff asked to amend. The defendant objected because the action was barred by the statute of limitations. The trial judge sustained the objection and then entered a nonsuit.

*Error assigned* was refusal to take off nonsuit.

*Samuel Englander*, for appellant.—The statement filed in this action is sufficient whichever way it is looked at, whether the clause impliedly charging the defendant as lessor is treated as an inducement and is immaterial and can be treated as surplusage, or whether treated as a material allegation and thus charges a double cause of action, to wit: charging him as landlord and charging him as co-tenant: Martens v. O'Connor, 101 Wis. 18 (76 N. W. Repr. 774) ; Repsher v. Shane, 3 Yeates, 575 ; Geddis v. Irvine, 5 Pa. 508 ; Miltenberger v. Schleger, 7 Pa. 241 ; Smith v. Teacle, 8 Pa. C. C. Rep. 150 ; Thomas v. R. R. Co., 194 Pa. 511 ; Valentine v. Colburn Co., 10 Pa. Su-

perior Ct. 453 ; Coates v. Chapman, 195 Pa. 109; Snyder v. Witmer, 12 W. N. C. 301 ; McIntyre v. Coal Co., 118 Pa. 108.

Plaintiff's injuries were the proximate result of defendant's negligence : Hey v. Philadelphia, 81 Pa. 44 ; Oil City Gas Co. v. Robinson, 99 Pa. 1 ; Drake v. Kiely, 93 Pa. 492 ; Vallo v. U. S. Express Co., 147 Pa. 404 ; Sturgis v. Kountz, 165 Pa. 358 ; Webster v. Coal & Coke Co., 201 Pa. 278 ; Pittsburg v. Grier, 22 Pa. 54 ; Scott v. Hunter, 46 Pa. 192 ; Brown v. Lynn, 31 Pa. 510 ; McGrew v. Stone, 53 Pa. 436 ; Chambers v. Carroll, 199 Pa. 371.

Plaintiff's injuries were the proximate result of defendant's negligent act by Act of Assembly of June 8, 1893, P. L. 360.

*George P. Rich,* for appellee.—The proposed amendment of the statement was properly disallowed, as introducing a new cause of action, barred by the statute of limitations.

The evidence was insufficient to establish defendant's liability, and the nonsuit was properly entered : South Side Pass. Ry. Co. v. Trich, 117 Pa. 390 ; Elliott v. Allegheny County Light Co., 204 Pa. 568 ; Hoag v. Lake Shore, etc., Railroad Co., 85 Pa. 293 ; Wood v. Penna. Railroad Co., 177 Pa. 306 ; Swanson v. Crandall, 2 Pa. Superior Ct. 85.

The act of 1893 was repealed by the Act of May 5, 1899, P. L. 193, prior to the date of this fire.

OPINION BY MR. JUSTICE POTTER, February 20, 1905 :

In the statement of claim filed by the plaintiff in this case, it was averred that the plaintiff's firm " rented the fifth floor of the said building of the defendant, who was then and there lessee of the entire premises," and that it was the duty of defendant to accord to the plaintiff ready and convenient ingress and egress from the building by the back stairway, and it was charged that the defendant had negligently violated such duty by blocking up the stairway by placing boxes upon it. Upon the trial it appeared that plaintiff's firm did not rent from defendant, but that both leased from a third party, agent for the owner of the building. Plaintiff moved to amend the statement to accord with the facts, but the court refused to allow the amendment, holding that it would introduce a new cause of action. No exception was taken to the refusal to allow plaintiff to amend.

At the close of the plaintiff's testimony, a compulsory non-suit was entered, which the court subsequently refused to take off. This refusal is the only question properly raised upon this appeal. It seems that while the trial judge was of opinion that there was a material variance between the allegations and the proof, yet the refusal to take off the nonsuit was based upon the ground that the negligence of the defendant was not the proximate cause of the accident. An examination of the statement shows that the substantial cause of action which it sets forth is that upon which the plaintiff relied at the trial. The statement as to the respective tenancies of the parties was merely explanatory, and might have been omitted. It is clearly set out that the plaintiff's firm were occupants of the fifth floor of the building and the defendant " then and there occupied certain floors of said building below plaintiff ; " that defendant, his servants and agents, permitted and caused to be placed upon a certain stairway, leading to and from the fifth floor, divers boxes so that the stairway became choked and blocked with said boxes, and ingress to and egress from the fifth floor by way of said stairway was cut off, and as a result thereof the plaintiff was injured.

This was a direct averment of negligence on the part of the defendant which the evidence produced at the trial tended to prove. We think it was sufficient. See Coates v. Chapman, 195 Pa. 109. In his opinion refusing to take off the nonsuit the trial judge says that under the evidence the jury would have been warranted in finding that the boxes placed by defendant's workmen upon the back stairway constituted the obstruction which prevented the plaintiff from making use of that means of exit. But he does not think this act of negligence can be considered as the proximate cause of the injuries which resulted to plaintiff. In this conclusion we cannot agree. A case much like the present one in some of its facts was Sewell v. Moore, 166 Pa. 570. There the plaintiff was prevented from reaching the fire escape by the fact that the door leading to it was locked and she then jumped from a window and was injured. The court said (p. 576) : " The difficulty was in the locking of the door that led to the fire escape on the third floor. The plaintiff got to this in time and had it been open as it should have been she would have

escaped injury. . . . The only proximate and effective cause of the injury was the locking of the door."

A cause is not too remote merely because it produces the damages by means of an intermediate agency. Where the injury was the immediate consequence of some peril to which the injured party was obliged to expose himself in order to avoid the peril arising from the defendant's negligence, it is proximate enough : Pittsburg v. Grier, 22 Pa. 54 ; Vallo v. Express Co., 147 Pa. 404.

The cases upon this subject are reviewed in Gudfelder v. Pittsburg, etc., Railway Co., 207 Pa. 629, and the test of proximate cause is again cited as being whether the facts between the negligent act and the final result to the plaintiff constitute a continuous succession of events, so linked together that they become a natural whole.

In the present case, danger from fire was reasonably to be apprehended and guarded against at all times. The stairways both front and back formed the natural means of passage to and from the upper stories, and common prudence required that they be kept free from obstructions. When the servants of the defendant blocked up the passageway, they may not have anticipated that a fire would occur so soon, but they were responsible for any resulting damage which might be caused by their careless act. The result might have been a fall upon the stairway by some one seeking to pass. It might have resulted in damage in more than one unforeseen direction. But as it was, it so happened that under the imperative necessity of escaping from the fire, the plaintiff sought to descend the stairway. Had it been unobstructed he could readily have escaped in that way. But he says in his testimony that the boxes which had been placed in the way by the defendant's servants cut him off. Being in extreme peril, and acting upon what seemed to him the best judgment, he says that the only way of escape he then found open, was through a window and down a rope, and then by a drop to the ground. In following this method, he received the injuries for which he here seeks to recover. If the jury believe the testimony of the plaintiff, it presents a succession of events which may properly be considered as unbroken. Certainly if the sequence of events as they actually did occur, had been suggested be-

forehand to the mind of a reasonably prudent man, he would have thought it quite possible for them to follow.

Our conclusion in this case, is that if the stairs were so obstructed that the plaintiff could not reasonably make use of them, such obstruction may have fairly been held to be the proximate and effective cause of the injury suffered by the plaintiff.

The assignment alleging error in the refusal to take off the nonsuit is sustained.

The judgment is reversed and a procedendo is awarded.