## Robel v. The Philadelphia & Reading Coal & Iron Company, Appellant.

*Negligence—Master and servant—Mines and mining—Vicious mule—Driver—Case for jury.*

1. In an action by the employee of a coal mining company to recover damages from his employer for personal injuries, where it appeared that plaintiff was endeavoring to drive a mule hitched to a car in a mine, that he had never before driven the mule, and that as the mule passed through the gangway door it began to kick, frightening plaintiff and causing him to jump from the car so that he alighted upon a pile of sills and slipped under the moving car, in consequence of which the injuries complained of re-

sulted, it was for the jury to determine, the evidence being conflicting, whether the mule was vicious and if so whether defendant had knowledge thereof but failed to warn plaintiff, whether plaintiff in jumping from the car had acted as a reasonably prudent man would under like conditions and whether the kicking of the mule was the proximate cause of the injury.

2. In such case the fact that the sills were lying along the side of the track was not the proximate cause of the injury, and the contention that the fact that they were there as the result of the negligence of the assistant mine foreman relieved defendant from liability was, therefore, without merit.

Argued May 8, 1916.    Appeal, No. 258, Jan. T., 1915, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1913, No. 588, on verdict for plaintiff in case of Joseph Robel, by his next friend, Nicholas Robel, v. The Philadelphia & Reading Coal & Iron Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before MOSER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $4,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in refusing defendant's motions for a new trial and judgment n. o. v.

*John F. Whalen,* with him *George Ellis* and *Voris Auten,* for appellant.

*W. H. M. Oram,* with him *Albert Lloyd,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 1, 1916:

Plaintiff was employed by defendant as a driver in one of its coal mines and the day on which his injury occurred, for which this action was brought to recover compensation, was directed by the assistant mine fore-

man to take a certain mule and bring out of one of the gangways of the mine a car loaded with coal. Previous to this time plaintiff had not driven the mule and, although it had been used in the mine for several years, he was not given information concerning its habits or disposition.

As directed, plaintiff hitched the mule to the car and started out of the gangway riding on the front bumper, which it appears was the usual place for drivers to ride. According to his testimony he had passed through the gangway door when the mule suddenly began to kick and to escape injury plaintiff jumped from the car, alighting upon a pile of sills that were lying alongside the track. The sills being damp and slippery, caused plaintiff to fall under the car, the wheels passing over his right leg injuring it to such an extent that amputation was necessary. The court below submitted to the jury the questions whether the mule was vicious and defendant had notice of the fact and failed to warn plaintiff, whether plaintiff in jumping from the car acted as a reasonably prudent man would under like conditions, and if the kicking of the mule was the proximate cause of the injury. There was a verdict for plaintiff on which judgment was entered and from which defendant appealed.

The mule in question had been used in the mine for seven years preceding the accident and there is testimony that it was of a vicious disposition and had been known to indulge in kicking spells on many previous occasions. While this evidence is contradicted by other witnesses who testified that the tendency of the mule to kick was no greater than that of an ordinary mule, the question of its disposition was for the jury. The vicious tendencies, if they existed, as the jury found they did, had continued for a sufficient length of time to warrant the conclusion that defendant had constructive notice of their existence, and it was therefore defendant's duty to warn plaintiff of the animal's tendency at times to kick

and the danger liable to result therefrom. Plaintiff had been in defendant's employ and working in the mines but six days and testified this was the first time he had driven the mule in question and that he knew nothing of its disposition, and received no instructions or warning from the foreman concerning its habits, when ordered to use him. This testimony raised a question for the jury to whom it was properly submitted.

Defendant further contends the presence of the sills along the side of the gangway was the proximate cause of the injury, and as they were placed there under the direction of the mine foreman, for whose negligence it is not responsible, there can be no recovery. The testimony of the plaintiff is that the mule began kicking violently and without warning, and that the bumper of the car upon which he was riding was approximately but four feet from the mule. Under these circumstances plaintiff could not be held to the same degree of accountability in jumping from the car as he would under ordinary conditions, and the fact that in his haste he may not have chosen the side of the car which was the least dangerous, or which presented the least obstruction to landing, would not as a matter of law convict him of negligence. The sudden and unexpected kicking of the mule placed plaintiff in a position of peril, where his only means of escape was to leap from one side of the car or the other. In choosing the direction in which to jump he could not be expected to exercise the same degree of care and caution as he would if no danger of injury existed: Vallo v. U. S. Express Co., 147 Pa. 404; Cohn v. May, 210 Pa. 615. The fact that there were sills lying along the side of the track at this particular point, which plaintiff testified he did not see when he leaped from the car, would not make them the proximate cause of the injury. Their presence at that point was merely an incident, the real cause of the accident being the kicking of the mule which made it necessary or advisable for plaintiff suddenly to leave his position on the

car, and if, in so doing, he came in contact with obstructions, the presence of the latter would be merely a secondary and not the proximate cause of his injury: Chambers v. Carroll, 199 Pa. 371.

The trial judge in concluding his opinion, refusing the motions for a new trial and judgment n. o. v. for the plaintiff, clearly and concisely states the case as follows: "We think it was the exclusive province of the jury to determine whether the mule was dangerous and addicted to evil habits; whether defendant had notice of these deficiencies; whether they informed the plaintiff thereof and warned him concerning the dangers incident to his employment; and whether or not the action of the mule was the proximate cause of the injury. We think these were the controlling questions in the case; they were all duly submitted and by the verdict resolved in favor of the plaintiff and therein lies defendant's complaint, if it has any."

The first assignment of error to the effect that plaintiff's statement discloses no cause of action was not pressed at the argument and is without merit.

All questions involved in the case were properly submitted to the jury and the judgment of the lower court is therefore affirmed.