# Sikorski v. Philadelphia & Reading Railway Company, Appellant.

*Practice, C. P.—Exceptions to charge—General exception—Leave of court—Failure to state reason—Act of May 11, 1911, P. L. 279— Rules of court—Rule 140 of Common Pleas Courts of Philadelphia County—Appeals—Practice, Supreme Court—Assignments of error —Refusal of new trial—Basic errors—Request to file charge.*

1. While in the taking of a general exception to the charge to the jury under the Act of May 11, 1911, P. L. 279, relating to the taking of exceptions, the statute does not demand minute particularization, it does require that reasons be given. The words of the statute plainly disclose a purpose, first, to grant a remedy, under which a trial judge cannot arbitrarily prevent the notation of a general exception; and, second, to guard against the abuse of the remedy, thus afforded, by compelling counsel to state in a general way the grounds of their objections.

2. Where at the conclusion of the charge to the jury counsel for defendant asked for a general exception to the charge, and declined to state his reasons, although requested so to do by the court, and the court thereupon refused the exceptions, the defendant can not, on appeal, bring before the Supreme Court portions of the charge alleged to be erroneous, but not specially excepted to.

3. On a general exception, taken under and in accordance with the requirements of the Act of 1911, the appellant may assign all errors which, by liberal interpretation, properly can be said either to fall within or be suggested by the reasons stated when taking the exception and, in addition, basic and fundamental errors of law.

4. If, disregarding the Act of 1911, and following the common law practice, a general exception is asked of the trial judge, and, without requiring a statement of reasons, is really allowed by him, the appellant may assign all actual errors of law and any material matter that is so inadequately presented as to be calculated to mislead the jury, and may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect is to give a wrong impression to the jurors concerning the material issues involved or their duties in connection therewith. Courts of appeal will refuse to review matters not called to the attention of the trial court unless the alleged errors are basic and fundamental.

5. The Act of 1911 has not dispensed with the necessity for a general exception where appellant desires parts of the charge, not

specially excepted to, reviewed on appeal, but counsel must request the exception. It may be taken as a matter of right, without allowance, if in the hearing of the court, but if not noted at the trial can be secured thereafter only by leave of court.

6. Rule 140 of the Courts of Common Pleas of Philadelphia County, providing that "exceptions to the charge shall be made before the jury retires and shall state explicitly the parts of the change to which exceptions are taken,"·is in conflict with the Act of 1911 (1) in providing that exceptions shall state explicitly the parts of the charge objected to and (2) in requiring that exceptions shall be made before the jury retires, and is invalid.

7. Assignments of error complaining of the charge to the jury are defective where no request is made of record to reduce the charge to writing and have it filed.

8. An assignment of error complaining of the charge to the jury as a whole is erroneous where the charge is not quoted *ipsissimis verbis*.

9. An assignment of error complaining of the refusal of the court to grant a new trial is defective, where it fails to set forth the motion, the reasons assigned, and the order of the court thereon.

*Negligence—Railroads — Automobiles — Safety gates — Sudden closing—Pleading, allegata et probata—Variance—Immaterial departure.*

10. In an action against a railroad company to recover for injuries sustained by a passenger in an automobile by reason of the safety gates at a grade crossing being suddenly lowered on the automobile, the case is for the jury and a verdict for the plaintiff will be sustained where there was evidence that the gates were so closed after defendant's flagman had beckoned the driver of the automobile to cross.

11. Where in such case the statement of claim averred that the automobile collided with the gates and that plaintiff was thrown out, but the proof was that the gate closed down on the automobile, and that plaintiff made an effort to get out, collapsed and fell to the ground and was injured, the alleged variance from the pleadings was immaterial, the real cause of the injury being the negligent closing of the gates.

Argued Jan. 14, 1918. Appeal, No. 174, Jan. T., 1917, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Sept. T., 1915, No. 2558, on verdict for plaintiff, in case of Mary Sikorski, by her next friend, Anthony Sikorski, v. Philadelphia & Reading Railway Company.

Before BROWN, C. J., POTTER, STEWART, MOSCHZISKER and FRAZER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, P. J.

From the record it appears that at the end of the charge to the jury, the following colloquy took place between court and counsel:

"Mr. Mason: Will your honor grant me an exception to declining my point, and a general exception to the charge?

"Mr. Meagher: I object to a general exception.

"The Court: Is there anything specific in my charge to which you take exception?

"Mr. Mason: No, not that I care to—

"Mr. Meagher: I submit, may it please the court, that I am entitled to have his objections to your charge specified so that I may meet them.

"The Court: Or that I may correct any error, if I have made any.

"Mr. Mason: I ask for a general exception at this time without assigning any reason for it.

"Mr. Meagher: And I object to it. He must bring to the attention of the court any inadequacies of instruction or alleged errors of law or of fact.

"The Court: It would be better, it seems to me, if you were to direct my attention to any inaccuracy that you may have discovered, so that if I have made any mistake I will have an opportunity to correct it, and, in that way, present the case to the jury so that, when they have finished their deliberations, the questions will have been decided by them according to the real facts as applied to correct law.

"Mr. Mason: I don't care to make any specific objections.

"The Court: There is an act of assembly which, as I understand it, never having read it, says that counsel is entitled to a general exception upon merely asking for

it, and I suppose I will have to obey the act and grant the general exception.

"Mr. Meagher: Your honor won't decide the question now, I hope. You will note my objection to the granting of a general exception, and we can dispose of it at another time.

"The Court: Yes, I think that would be a good plan under the circumstances."

The question as to whether or not a general exception to the charge should be noted was argued subsequently in the court below, and no general exception was allowed to defendant.

Rule 140 of the Common Pleas Courts of Philadelphia County provides: "Exceptions to the charge shall be made before the jury retires, and shall state explicitly the parts of the charge to which exceptions are taken."

Other facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $5,000 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury, the refusal of the court to direct a verdict for defendant, the refusal of the court to grant a new trial, and the refusal to enter judgment for defendant n. o. v.

*Wm. Clarke Mason,* for appellant.—The cause of action alleged in the statement of claim was not supported by affirmative proof at the trial.

The record shows a variance between the averments as to the happening of the accident and the proof: Martin v. Pittsburgh Railways Co., 227 Pa. 18; Oakdale Baking Co. v. Philadelphia & R. R. Co., 244 Pa. 463; Allen v. Tuscarora Val. R. R. Co., 229 Pa. 97.

The charge to the jury was erroneous and under the general exception taken by defendant it can complain of this error on appeal: Mastel v. Walker, 246 Pa. 65; Torak v. Philadelphia & R. Ry. Co., 60 Pa. Superior Ct.

248; Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169.

*Thomas J. Meagher,* for appellee.—The leading exposition of the proper practice in respect to taking exceptions to the charge of the court is contained in the opinion in Curtis v. Winston, 186 Pa. 492.

Subsequent cases like Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169, and Mastel v. Walker, 246 Pa. 65, recognize and apply the doctrine so enunciated.

The Act of May 11, 1911, P. L. 279, changed the practice as it theretofore existed. Where p·eviously it was enough to ask for a general exception without assigning any reasons, this act requires the reason to be assigned and to be assigned "in the hearing of the court before the jury retires to consider its verdict, or, thereafter, by leave of the court." See Monaghan's Appellate Practice, p. 211.

The case was for the jury: Terrell v. Pittsburgh Rys. Co., 58 Pa. Superior Ct. 371.; Cameron v. Citizens Traction Co., 216 Pa. 191; Cohn v. May, 210 Pa. 615; Martin v. Pittsburgh Rys. Co., 227 Pa. 18; Oakdale Baking Co. v. Philadelphia & Reading Ry. Co., 244 Pa. 463; ·Allen v. Tuscarora Valley R. R. Co., 229 Pa. 97.

OPINION BY MR. JUSTICE MOSCHZISKER, February 11, 1918:

The present suit was brought in trespass to recover for personal injuries; the verdict favored' plaintiff, and · judgment was entered accordingly; defendant has appealed. The assignments of error complain. of the charge, the declination of binding instructions and refusal of judgment n. o. v. for defendant, and, lastly, the refusal to grant a new trial. At argument in this court, the appellee moved to quash several of the assignments, thereby raising a nice point of practice, which we shall first discuss and determine.

Section 2 of the Act of May 11, 1911, P. L. 279, 280,

provides that "exceptions may be taken, without allowance by the trial judge, to any part or all of the charge, or to the answers to points, for any reason that may be alleged regarding the same in the hearing of the court, before the jury retires to consider its verdict, or, thereafter, by leave of the court." This act is entitled, "An Act relating to the time and manner of taking exceptions," etc., and, thereunder, the question is: When the record shows that, although requested so to do by the trial judge, the appellant refused to state reasons for a general exception to the charge, and, upon that ground, no exception was formally noted, will assignments of error complaining of parts of the charge, not specially excepted to, be considered on appeal?

It was early decided, under legislation prior to 1911, that one might take a general exception to a charge without at the time particularly specifying the error complained of (Curtis v. Winston, 186 Pa. 492); but the relevant statutes then before the court contained no such provision as that just quoted from the Act of 1911, supra. While this latter statute provides that, "upon request of counsel," exceptions may be noted by the official stenographer, "without allowance," yet, in plain words, it also requires, when an exception is attempted to be taken in that way, reasons therefor shall be given, and that this must be done "in the hearing of the court"; further, that, if a general exception is not taken in the way indicated before the jury retires, thereafter it can be had only "by leave of the court."

The provisions of this recent legislation are both wise and fair; and, as stated in the paper book of counsel for the appellee, "It is difficult to conceive how hardship is worked on any one by its requirement [that reasons shall be stated when a general exception is taken thereunder]. If the charge is deemed to over-emphasize one side of the case to the injury of the other, all that needs to be stated is that fact. If the charge be deemed misleading, unfair or inadequate, all that needs to be stated is a brief

reason to that effect. If there are particular errors of fact or of law, their mere statement complies with the statutory requirement, and may, in many instances, operate to have them immediately corrected, and prevent a mistrial. [If points for charge are simply affirmed or refused, a mere declaration that counsel excepts will suffice]. The requirement seems; therefore, to be eminently reasonable; moreover, entirely apart from its reasonableness, the plain language of the statute leaves no room for doubt as to its intent."

In the taking of a general exception, under the Act of 1911, supra, the statute does not demand minute particularization, but it does require that reasons be given. The words of the statute plainly disclose a purpose, first, to grant a remedy, under which a trial judge cannot arbitrarily prevent the notation of a general exception; and, second, to guard against abuse of the remedy, thus afforded, by compelling counsel to state generally the grounds of their objections. While the language used in the latter connection is not imperative in form, yet, it is clear, a ruling that the requirement in question is not mandatory would defeat the legislative intent that a trial judge shall always, at least in a general way, be informed of the reasons why his instructions are objected to, so that he may make proper corrections. If this were not the purpose of the language employed, then there would be no sense in the express provision for the statement of reasons, therefore that provision can be read properly as a requirement; and, considering the words of the act, as well as the deprivation contained therein of the historic right of a judge to determine every request for an exception, it should be so construed. In fact, the proper maintenance of the long established and just rule that a trial court will not be reviewed on matters in no way called to its attention, unless for basic and fundamental error imperatively calling for reversal, requires that the provision in question be so construed. On a general exception, taken under and in accordance with

the requirements of this act, the appellant may assign all errors which, by liberal interpretation, properly can be said either to fall within or be suggested by the reasons stated when taking the exception and, in addition, such controlling fundamental errors of law as above referred to.

If, disregarding the Act of 1911, supra, and following common law practice, a general exception is asked of the trial judge and, without requiring a statement of reasons, really allowed by him, in several recent cases we have held that, under such circumstances, the appellant "may assign all actual errors of law and any material matter that is so inadequately presented as to be calculated to mislead the jury; moreover, he may assign the whole charge as inadequate, if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved or their duties in connection therewith": Mastel v. Walker, 246 Pa. 65, 71; Foley v. Philadelphia R. T. Co., 240 Pa. 169, 172; Torak v. Philadelphia & R. Ry. Co., 60 Pa. Superior Ct. 248, 254; see also Geiger v. Maddon, 58 Pa. Superior Ct. 616, 621 (last two opinions by RICE, P. J.). On the other hand, in Watson v. Monongahela River Consolidated Coal & Coke Co., 247 Pa. 469, 477, and Eichenhofer v. Philadelphia, 248 Pa. 365, 373, we ruled that "a mere inadequacy of charge ......cannot be taken advantage of......if not especially excepted to at trial," and, in Lerch v. Hershey Transit Co., 255 Pa. 190, 195, that courts of appeal will refuse to review "matters not called to the attention of the trial court, unless the alleged errors are basic and fundamental"; but there is nothing in any of these cases which materially affects the question now before us. Upon the general subject under discussion, see Merritt v. Poli, 236 Pa. 170, 174; Reznor Mfg. Co. v. B. & L. E. R. R. Co., 233 Pa. 369, 372; Reeves v. D., L. & W. R. R. Co., 30 Pa. 454, 460; Lehigh Valley R. R. Co. v. Brandtmaier, 113 Pa. 610, 619; Person & Riegel Co. v. Lipps, 219 Pa. 99, 112;

Peirson v. Duncan, 162 Pa. 187, 193; Wadsworth v. Manufactured Water Co., 256 Pa. 106, 117; Hunter v. Bremer, 256 Pa. 257, 265; Schwartz v. Caplan, 256 Pa. 239, 241.

In Foley v. Philadelphia R. T. Co., supra (p. 172), we held that "the Act of May 11, 1911, P. L. 279, has not changed the practice so as to dispense with the necessity for a general exception where appellant desires parts of the charge not especially excepted to reviewed on appeal"; that, "even under this recent act, counsel is required to request such an exception"; that "it may be taken 'without allowance by the trial judge,' but the request must be made 'in the hearing of the court' "; that, "if counsel neglects to get his exception noted at trial, he can only secure it thereafter 'by leave of the court' "; and, in Mastel v. Walker, 246 Pa. 65, 71, we held that "a litigant is entitled as a matter of right to except generally to a charge." In neither of these cases, however, did we make any reference to the provision of the Act of 1911, supra, which deals with the manner of taking an exception, for that point was not there involved; and, so far as research discloses, this is the first time any question as to the proper, and requisite, statutory method to be pursued in securing the notation of an effective general exception has been brought before us for determination.

We cannot, however, agree with the contention of counsel for appellee that the rule of the court below, that "exceptions to the charge shall be made before the jury retires and shall state explicitly the parts of the charge to which exceptions are taken," controls here. So far as it fails to coincide with the Act of 1911, supra, the rule can have no effect; and it so fails in two particulars, i. e., (1) in providing that exceptions "shall state explicitly the parts of the charge" objected to, and (2) in requiring that exceptions "shall be made before the jury retires." As already pointed out, when a general exception is entered, under the present statute, explicitness of parts of the charge is not required; and the statute expressly per-

mits exceptions, "by leave of the court," after the jury retires. True, in Collins v. Leafey, 23 W. N. C. 264, we expressed approval of a rule of court much like the one now under discussion; but what we there said on that subject was dicta, which subsequently was more than counterbalanced by our decision in Curtis v. Winston, supra.

The only assignments properly before us are the third and sixth, which go to the application for judgment n. o. v.; the remainder, for one reason or another, are all defective. Those complaining of the charge are faulty, since they are not supported by either a special or general exception (as already fully discussed) ; further, because there is no request of record to reduce the charge to writing and have it filed (Curtis v. Winston, supra, p. 496; Foley v. Philadelphia R. T. Co., supra, p. 171) ; and, lastly, for the reason that, in the complaint of the charge as a whole, it is not quoted ipsissimis verbis (Montalini v. Pa. Co., 256 Pa. 249, 254). The assignment complaining of the refusal to grant a new trial fails to "set forth the motion, the reasons assigned, or the order of the court": Peoples Nat. Bank of Pensacola v. Hazard, 231 Pa. 552, 554; Fuoss v. Tipton Water Co., 251 Pa. 68, 71. We may add that no reason to convict the court below of manifest error or abuse of discretion in refusing a new trial has been shown.

It remains but to consider appellant's application for judgment n. o. v.; in this connection, it is contended that the case alleged was not proved. The declaration avers that Mary Sikorski, the plaintiff, was injured while a guest in an automobile which, at the time of the accident, was being driven by its owner over the railroad tracks of the defendant corporation, at a regular street crossing; that, at this point, defendant operated safety gates of the lifting type; that, when the machine in question started to cross defendant's tracks, from the east, these gates were fully raised; that, "as and at the time when the said Mary was with due care in the act of crossing the

said railroad......the said automobile in which the said
Mary was so riding as aforesaid did then and there, by
the negligence of the defendant, as hereinafter described,
and without fault on the part of the said Mary, run into
and collide with the said gates at the westerly side of the
said crossing,......whereby the said Mary was then and
there thrown about with great violence and was thereby
grievously hurt and injured." Immediately following
the averment just quoted, it is alleged "the said negli-
gence of the defendant whereby the said Mary was hurt
......was then and there as follows, to wit," after
which plaintiff avers, in seven separate paragraphs, that
the careless operation of the safety gates, while the auto-
mobile in which she was riding was in the act of crossing
defendant's railroad, at the express invitation of the lat-
ter, is the negligence, or cause of action, depended upon
by her.

The testimony produced by plaintiff, if believed and
viewed in the light most favorable to her, as the verdict
demonstrates it was, shows she occupied a place on the
rear seat of the automobile; the driver of the vehicle ex-
ercised due care; when he approached the railroad
tracks, the gates were down; the car was brought to a
standstill for several minutes; the railroad flagman
raised the gates and beckoned in such a manner as to in-
dicate that the way was safe, thus inviting the chauffeur
to make the crossing; the machine started and, when
about half way over the tracks, a locomotive was observed
approaching the crossing; at the same moment, the flag-
man started to lower the gates, which "suddenly" came
"down fast" and were broken by collision with the auto-
mobile, before the latter could clear them; in anticipa-
tion of this impending collision with the gates, plaintiff
"made an effort to get out,......collapsed and......fell
to the ground."

While the before-quoted introductory part of plain-
tiff's declaration alleges a state of facts, relating to the
collision and the actions of plaintiff at the moment there-

of, which may not accord in every particular with the evidence that she produced at the trial, yet there is ample support in the proofs for the material, or controlling, facts as we have just narrated them, and therefrom it is plain to be seen that there is no.material disagreement between the allegata and probata; furthermore, there is no variance whatever between the pleadings and proofs as to the real negligence charged, which was the improper operation of defendant's gates while the automobile containing plaintiff was being driven across the railroad.

Appellee very properly contends that, the real cause of action being plainly averred, whether the automobile collided with the gates or the latter with the former, is of no particular moment; further, that the other alleged variance of which defendant seeks to take advantage relates merely to consequential acts following in the wake of the latter's negligent lowering of its gates, the averment in question being that plaintiff was "thrown about with great violence and thereby grievously hurt" by the actual collision, and the proofs showing that she was in fact "thrown about with great violence and thereby grievously hurt" because she arose from her seat and attempted to guard herself against an impending collision. If this can be called a departure at all, it is an immaterial one, for, had the gates not been carelessly operated after plaintiff was invited and started to cross defendant's railroad, there would have been no accident, and defendant is accountable for all the consequences naturally following from its original wrongful act; hence, the proximate cause of plaintiff's injury was not the very natural effort which she made to save herself from apparent imminent danger, but the negligent lowering of defendant's safety gates. The real or proximate reason for plaintiff's injury having been properly averred as her cause of action, and duly proved at trial, there was no material variance; therefore, the assignments now under discussion are without merit.

We find no authority which exactly rules the state of facts now before us, but the following cases, cited by counsel for appellee, tend to support those of his contentions here sustained: Cameron v. Citizens Traction Co., 216 Pa. 191, 193; Cohn v. May, 210 Pa. 615, 617, 618; Palmer v. Warren St. Ry. Co., 206 Pa. 574, 580; Lehner v. Pittsburgh Rys. Co., 223 Pa. 208, 210; Robel v. P. & R. C. & I. Co., 254 Pa. 342, 345.

The assignments of error are either dismissed or overruled, and the judgment is affirmed.