# General Roofing Manufacturing Co. *v.* The Greensburg Title & Trust Co., Appellant.

*Practice, C. P.—Exceptions to charge—Leave of court—Appeals —Assignments of error.*

Assignments of error directed, to alleged errors in the charge of the court, and answers to points, are defective, when they were taken after the jury had retired, and without leave of court.

*Principal and agent—Failure to carry out instructions—Case for jury.*

In an action of assumpsit, resulting from the failure of defendant to follow instructions of plaintiff, in the delivery of a bill of lading, the case is for the jury where the facts of the defendant's agency and the failure to obey instructions, are disputed.

*Practice, C. P.—Motion for judgment n. o. v.—Partial defense.*

Where a return of goods is alleged as a defense to a claim, the question is not properly raised under a motion for judgment n. o. v., for it is a defense to only part of the claim, and cannot be a basis for binding instructions to find a verdict for the defendant.

Argued Oct. 8, 1918. Appeal, No. 139, April T., 1918, by defendant, from judgment of C. P. Westmoreland Co.,

May T., 1915, No. 839, on verdict for plaintiff in case of General Roofing Manufacturing Co. v. The Greensburg Title & Trust Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit. Before COPELAND, P. J., of O. C., specially presiding.

From the record it appeared that the General Roofing Manufacturing Co., the plaintiff, consigned a carload of roofing, valued at $772.05 to itself at Pittsburgh, and on February 18, 1915, forwarded by mail to the Greensburg Title & Trust Co., of Greensburg, Pa., a sight draft for the sum of $772.05 on the Pittsburgh Roofers' Supply Co., of Pittsburgh, with a bill of lading attached for the said carload of roofing, with instructions to deliver the bill of lading to the Pittsburgh Roofers' Supply Co. upon receiving one-half of the draft in cash and one-half in a 60-day note of the Pittsburgh Roofers' Supply Co., endorsed by Charles Scheider, the treasurer of the defendant company. The defendant delivered the draft with the bill of lading attached to the Pittsburgh Roofers' Supply Co., who received the roofing. The defendant, having failed to send the cash or the 60-day note, in accordance with the instructions, the plaintiff brought suit to recover damages sustained.

At the trial the defendant produced testimony to show that the treasurer of the Greensburg Title & Trust Company, Charles Schneider, had been acting in his individual capacity; that the Pittsburgh Roofers' Supply Company had returned certain of the goods delivered under the bill of lading; that the note in question had been tendered to the plaintiff, and that it had not disobeyed instructions. The court submitted the case to a jury.

Verdict for plaintiff for $900.60 and judgment thereon. Defendant appealed.

*Errors, assigned* were the charge of the court and answers to points (2-4) and (1) refusal to enter judgment for defendant n. o. v.

*H. H. Fisher, D. J. Snyder* and *J. R. Smith,* for appellant.—The contract was ultra vires: Omaha National Bank v. Piper, 82 N. W. 102; 10 Cyc. 1096; 10 Cyc. 1146.

The treasurer was acting in his individual capacity and had no authority to bind the company: Nippenose Mfg. Co. v. Stadon, 68 Pa. 256.

*John E. Kunkle,* for appellee.—The assignments of error to the charge of the court were insufficient: Sober v. Mooney, 48 Pa. Superior Ct. 92.

The court could not have given binding instructions for the defendant on the evidence: Page v. Moore, 235 Pa. 161; Duffy v. York Haven Power Co., 233 Pa. 107; Sturtz v. D., L. & W. R. R. Co., 225 Pa. 249.

The defendant was bound by the acts of its treasurer: Kelsey v. National Bank Crawford Co., 69 Pa. 426; Pepperday v. National Bank, 183 Pa. 519; Paul v. Grimm, 165 Pa. 139.

OPINION BY TREXLER, J., April 21, 1919:

The Act of May 11, 1911, P. L. 279, Section 2, provides, that in the trial of a case, "Exceptions may be taken, without allowance by the trial judge, to any part or all of the charge, or to the answers to points, for any reason that may be alleged regarding the same in the hearing of the court, before the jury retires to consider its verdict, or, thereafter, by leave of the court."

As the assignments of error directed to alleged errors in the charge and the answers to points were taken after the jury retired and without allowance of court we cannot consider them: Sikorski v. Philadelphia & R. Ry. Co., 260 Pa. 243.

The only thing we can consider is the assignment directed to the refusal of the court to enter judgment for

defendant n. o. v. We have carefully read the minutes of the trial and can find nothing which would have justified binding instructions for the defendant. The plaintiff proved that it had sent the bill of lading and the draft to the trust company with definite instructions as to what was to be done. These instructions were disregarded and the loss sued for was occasioned. The learned trial judge left to the jury the question whether the treasurer acted in the matter for himself or for the company, and whether the instructions were violated and if so the consequent loss. The matter of the claim for the return of part of the goods was properly excluded because the value of the same was not shown. The question is not properly raised under a motion for judgment n. o. v. for it is a defense only to part of the claim and cannot be the basis of binding instructions to find a verdict for the defendant.

The judgment is affirmed.