# Painter *versus* Austin.

### *Admission of Co-promissor.—Partnership.*

Although a general partnership between two is not established by the admission of one of the alleged partners, yet where two are sued, as co-promissors, upon a note signed by one, and there is proof of an admission of liability by the other, such admission is evidence that the signing party was the agent to make the promise.

ERROR to the Common Pleas of *Armstrong county.*

This was an action of *assumpsit* brought by Samuel Austin against John V. Painter and James Patterson. The statement of the plaintiff set forth, that the suit was brought on a note dated at Kittaning, December 29th 1856, signed James Patterson, in and by which he promised to pay to Samuel Austin or order, four months after date, $162.75, at the Pittsburgh Trust Company Bank; averring that at the time the goods were sold and the notes given, John V. Painter was the partner of Patterson, and jointly liable with him to the plaintiff, although the plaintiff was ignorant of it at the time. To this statement, there was a bill attached, showing the purchase of powder by Patterson from the plaintiff, in December 1856, which was settled by the note on which the suit was brought. The defendants had

[Painter v. Austin.]

been partners as grocers and produce dealers, doing business as Painter & Patterson, but they dissolved in 1855, of which notice was given in the newspapers published in Kittaning,— Patterson continuing the business in his own name.

On the trial, the plaintiff proved that they had been partners at one time, but that they had dissolved partnership; that the note was given for powder sold to the firm; that Painter had said repeatedly that he "held himself accountable for the payment of the note;" had offered an order for the amount on a Mr. Jamison, who, he said, was indebted to his former partner; that "he would see it paid;" would "direct his attorney to pay it out of the proceeds of certain bills which were in his hands for collection;" and that he had "always considered it a debt of Painter & Patterson."

The court below (BUFFINGTON, P. J.) charged, in substance, that, "as the account was in the name of Patterson alone, and the note by Patterson, and dated after the notice of dissolution of the firm of Painter & Patterson, the debt was *primâ facie* the debt of Patterson alone; that if the plaintiff wished to charge them as partners, the burden of proof was on him; that the test of partnership was a participation in the profits, and might be shown by proof of this fact, or by the admissions and declarations of the parties. That in this case the plaintiff had given no evidence of direct partnership, but relied on the declarations of Painter." These declarations were submitted to the jury, with the further instruction that "if Painter was a partner, he was liable,—but if not, as the plaintiff does not claim on any other ground, no agreement that he may have made, or promise that he gave, would bind him to pay this debt." The court further charged, that "the existence of a debt established against one partner, and the admission by the other, is sufficient to make them liable as such."

There was a verdict and judgment in favour of plaintiff; whereupon Painter sued out this writ, and assigned for error, that the court erred in charging the jury, as follows:—"In the present case there is no evidence to show an actual partnership, or any agreement to share the profits; *but the plaintiffs rely on the declarations of Mr. Painter.* The jury will take these declarations into consideration, and say whether they believe Painter was a partner, in view of the facts and evidence in the case; if so, the plaintiff is entitled to recover;" and that the existence of the debt established against one *partner, and the admission of the other,* is sufficient to make them liable as such.

*Cantwell & Phelps,* for plaintiff in error, cited and relied on Story on Cont. §§ 204, 218, 229; Welsh v. Speakman, 8 W. &

[Painter *v.* Austin.]

S. 257; 2 Greenl. Ev. § 483; 1 Ch. Pl. 44; Wolle *v.* Brown, 4 Wh. 367; Story on Part. §§ 1, 2, 3.

*Golden & Fulton,* for defendant, cited Anderson *v.* Levan, 1 W. & S. 334; Welsh *v.* Speakman, 8 W. & S. 257; Taylor *v.* Henderson, 17 S. & R. 453; Balliett *v.* Fink, 4 Casey 266; Little *v.* Clark, Leg. Jour. October 8th 1860; Allen *v.* Rostain, 11 S. & R. 362.

The opinion of the court was delivered, January 7th 1861, by STRONG, J.—The defendants below were sued, not as partners, but as co-promissors. The plaintiff counted upon a note signed James Patterson, and his averment was that it was the promise of both Patterson & Painter. The signature, by Patterson, proved that it was his promise, and the admissions of Painter were evidence that it was his. The identical promise contained in the note is thus shown to have been of both the defendants. It is true, a partnership between two persons cannot be completely shown by the admissions of one; but the question here is not the general one, whether there was a partnership between Painter and Patterson, but whether the former was a party to the note in suit. His admissions, though they might not prove the partnership generally, were evidence that Patterson was his agent to make the promise. The case was, therefore, properly left to the jury, not because the evidence was sufficient to establish against both the defendants that they were partners, but because there was distinct proof that both had made the one promise contained in the note.

Judgment affirmed.