# Milligan, Appellant, *v.* Phipps.

[Marked to be reported.]

*Mechanic's lien—Married women—Record.*

Since the Married Persons Property Act of June 3, 1887, it is not necessary to aver in a mechanic's lien filed against the property of a married woman that the owner is a married woman, and that the improvement is necessary for the preservation and enjoyment of her separate estate.

It matters not, since the passage of the act of 1887, whether the erection of the building is necessary for the preservation and enjoyment of her separate estate. The act in question has made her the judge of its necessity. If we concede that it is not necessary, but on the contrary a foolish expenditure of money, it must be remembered that the act of assem-

bly now permits her to do foolish things. It has emancipated her from the shackles of the common law, so far as her separate property is concerned, and permits her to stand alone, and exercise her own judgment: Per PAXSON, C. J.

Argued Feb. 7, 1893. Appeal, No. 336, Jan. T., 1892, by plaintiff, Samuel Milligan, from order of C. P. Delaware Co., June T., 1891, No. 57, making absolute rule to strike off mechanic's lien. Before PAXSON, C. J., STERRETT, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to strike off mechanic's lien.

The mechanic's lien was in the following form: "Samuel Milligan v. Amanda A. Phipps, owner or reputed owner, and Alfred P. Phipps, contractor.

"Samuel Milligan, of the city of Philadelphia, architect, files this his claim for the payment of the sum of nine hundred dollars against all that certain two-and-a-half story stone dwelling house, erected on all that certain lot or piece of ground [describing it]. Said sum of nine hundred dollars being a debt contracted for work and labor done (to wit: making plans and drawings for the said building and overseeing its erection) by the said claimant in and about the erection and construction of said building and upon the credit thereof within six months continuously last past to wit: between the 17th of May, 1890, and the 27th of January, 1891, of which said building the said Amanda A. Phipps is the owner or reputed owner and the said Alfred P. Phipps contractor at whose special instance and request said work and labor was done by the claimant—said work and labor having been so done by the claimant under a verbal contract made between him the said claimant and the said Alfred P. Phipps that he the said claimant should make the said plans and drawings for the said building and oversee its erection for the sum of ten per cent upon the cost thereof—and the claimant avers that the cost of said building was nine thousand dollars—and the claimant claims to have a lien for his said debt against the said building and the lot of ground and curtilage appurtenant thereto from the time of the commencement of said building in accordance with the act of assembly in such case made and provided."

Further facts appear by opinion of Supreme Court.

*Errors assigned* were, (1) making absolute, and (2) not discharging rule to strike off lien.

*David W. Sellers, John M. Ridings* with him, for appellant.—The lien filed in this case is a valid lien since the passage of the act of June 3, 1887, and since the passage of that act a mechanic's lien can be filed against the property of a married woman in the same manner as against the property of a feme sole : Real Estate Investment Co. v. Roop, 132 Pa. 496 ; Koechling v. Henkle, 144 Pa. 215.

Certainly the erection of a dwelling-house upon the land of the married woman is " an improvement of her separate real estate," and the object of the act is clearly to put her in the matter of such improvement of her separate real estate on the same plane as a feme sole or other owner of real estate : Bank v. Gries, 35 Pa. 423 ; Association v. Fritz, 152 Pa. 224.

*V. Gilpin Robinson,* for appellee.—The lien would have been defective before the act of 1887 : Kuhns v. Turney, 87 Pa. 500 ; Shannon v. Shultz, 87 Pa. 481 ; Appeal of Germania Savings Bank, 95 Pa. 329 ; Steinman v. Henderson, 94 Pa. 313 ; Douden's Ap., 3 Pennypacker, 153 ; Loomis v. Fry, 91 Pa. 396 ; Sellers v. Heinbaugh, 117 Pa. 218 ; Ryman & Sons v. Wolf, 5 Kulp, 475 ; Barnard v. McIntire, 1 Ches. Co. 177 ; Pennell v. Barrowclough, 1 Del. Co. 352.

The Married Person's Property Act of June 3, 1887, does not dispense with the necessity for setting forth in the lien the averments theretofore required.

If a mechanic's lien were in the nature of a judgment entered upon some written contract or acknowledgment of a married woman, the contention of the appellant would have force. This however is a proceeding in rem.

It is not necessary to file a declaration in proceedings upon a mechanic's lien. The lien takes its place and the defendant may be required to plead thereto : Ridgway v. Hess, 1 Browne, 347 ; Lee v. Burke, 66 Pa. 336.

A husband cannot bind his wife's separate estate, even for necessary repairs, unless by her authority, and the lien must set forth that the work was done and furnished with her authority and consent : Steinman v. Henderson, 94 Pa. 313.

As to the right of the architect to file a lien and as to the

sufficiency of the statement of claim in the body of the lien: See Price v. Kirk, 90 Pa. 47; Rush v. Able, 90 Pa. 153; Pusey & Wilson v. Sharpless, 3 Del. Co. 361.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 20, 1893:

The learned judge below struck off the mechanic's lien filed in this case for matters dehors the record. It was done in pursuance of a petition presented to the court by Amanda Phipps, the owner, setting forth that she is a married woman, the wife of the said Alfred P. Phipps (contractor), and praying the court to strike off the lien for the following reasons:

First. In that it does not set forth the coverture of the petitioner.

Second. In that it does not appear from the record of said lien that the work was done or the materials were furnished in and about the actual erection or construction of the building.

Third. The said lien does not show that such work was done or materials were furnished at the request of your petitioner; or that she duly authorized her husband to contract for the same.

Fourth. That such work or materials were necessary for the preservation or enjoyment of the separate estate of your petitioner; and

Fifth. That said lien was not filed within six months after the completion of the said building, which was on or about December 1, 1890.

The case was argued in the court below and here upon the theory that the lien is defective because it does not set forth the coverture of the owner, and that such work or materials were necessary for the preservation or enjoyment of the wife's separate estate.

While it may be conceded that under our decisions made prior to the passage of the act known as the Married Person's Property Act of June 3, 1887, such a lien would be defective, the act in question has made a radical change in the rights and responsibilities of married women. It was held in Real Estate Company v. Roop, 132 Pa. 496, that it unfetters a married woman for three purposes, to wit: (*a*) Where she engages in trade or business; (*b*) in the management of her separate estate; and (*c*) for necessaries. For any of these purposes

she may bind herself and her estate or business by her contract. In the later case of Koechling v. Henkel, 144 Pa. 215, it was held that since the passage of the act referred to a married woman may engage in business, and enter into contracts in regard to it, or in regard to the management of her separate estate as fully as a feme sole; and she may confess a judgment for an indebtedness whenever by her contract she may subject herself to a liability to be sued; and that so general is her power to contract now that her inability is the exception rather than the rule. In that case it was said in the opinion of the court: " In emancipating married women to this large extent from the rule of the common law, and clothing them with power to contract for many purposes, their responsibilities are necessarily enlarged; and the old rule which ignored their existence as a distinct entity from their husbands, must necessarily be modified to the extent of their changed relations. A married woman may now engage in business, and enter into contracts in regard to it or the management of her separate estate as fully as a feme sole. This extension of her powers necessarily involves the right to sue, and the liability to be sued; and when she may be sued she may confess judgment. In other words, as to every contract which she is authorized to make, her right and responsibilities are those of a feme sole."

The rights of the appellee, Amanda A. Phipps, in the management of her separate estate, are the same as if she were a single woman. In exercising the rights of a feme sole she must also incur the liabilities of one. She cannot have her property improved at the expense of others any more than can a single woman. Having the absolute control of her property precisely as if she were single she comes directly within the mechanic's lien law. It appears upon the face of this claim that it is filed against her as the owner or reputed owner. If she is not the owner the lien does her no harm. If she is the owner it is a part of her separate estate and the building is an improvement of it. It matters not, since the passage of the act of 1887, whether the erection of this building is necessary for the preservation or enjoyment of her separate estate. The act in question has made her the judge of its necessity. If we concede that it is not necessary, but on the contrary a foolish expenditure of money, it must be remembered that the act of assembly

now permits her to do foolish things. It has emancipated her from the shackles of the common law, so far as her separate property is concerned, and permits her to stand alone, and exercise her own judgment. Of what possible use then would be an averment, in a mechanic's lien filed against her property, that she is a married woman, and that the improvement is necessary for the preservation and enjoyment of it? The reason of the former rule no longer exists, and the familiar maxim, *cessante ratione legis cessat ipsa lex*, applies with full force.

We think it was error to strike off the lien. The order of the court below, striking plaintiff's lien from the record, is reversed, and it is now ordered that the lien be reinstated.