## McCormick v. Bottorf, Appellant.

*Married women—Confession of judgment—Contracts.*

A married woman may confess a judgment as security for money borrowed to pay off a debt contracted for repairs for her separate estate and for necessaries for herself and family.

Where a married woman has a separate estate, she may make any and all contracts that a party sui juris may make.

Argued April 21, 1893. Appeals, Nos. 379 and 380, by defendants, Lydia Bottorf and J. G. Bottorf, her husband, from order of C. P. Centre Co., Jan. T., 1891, Nos. 156 and 157, discharging rules to open and strike off judgments in favor of Charles B. McCormick and John T. McCormick to use of J. N. Krumrine. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and THOMPSON, JJ.

Rules to open and strike off confessed judgments.

The facts were found as follows by FURST, P. J:

" 1. J. G. Bottorf, the husband of Lydia Bottorf, is without property or credit.

" 2. Lydia Bottorf is the owner of separate real and personal property.

" 3. Lydia Bottorf was indebted by mortgage on her separate real estate and was in need of money to pay accrued interest.

" 4. She was also in debt for repairs to her estate and for necessaries for herself and family for the payment of which she was liable. [1]

" 5   To obtain sufficient money to liquidate this indebtedness she sought to borrow it from her friends, and she succeeded in getting two hundred and forty dollars, from three separate persons.   To secure which she gave the several judgment notes, upon which judgment was duly confessed in the court of common pleas as above stated. [2]

" 6.  The money so obtained was applied to her own debts and was obtained from the plaintiffs for the specified purposes set forth in the 4th finding.   It was in each case loaned to her upon the credit of her individual estate. [3]

" 7.  Her husband received none of the money unless she gave it to him subsequently to liquidate her indebtedness. [4]

" 8.  The judgments and single bills do not show any coverture between the parties.   Neither do the same show the nature of the indebtedness.

" 9.  The facts herein found are so clearly proven by the weight of the evidence that a verdict upon an issue in the case would not be sustained in opposition thereto. [5]

" The only real question in these cases is : Are the judgments fatally defective because they do not show the consideration and direct liability of Lydia Bottorf on the face of the record ?

" The married person's property act of 1887 has enlarged the power of married women far beyond her powers at common law, and considerably beyond the act of 1848.   Certain of the provisions of this act were before the Supreme Court in the case of Real Estate Co. v. Roop, 132 Pa. 496.   But upon a careful reading of the case, it will appear that several important provisions of the act were not discussed in that case, simply because they were not involved or necessary to the decision.

" The case is authority for the proposition, which is important in the case under consideration, that, where the fact of coverture does not appear upon the record, a judgment confessed by a married woman to secure the repayment of money borrowed by her to aid her husband in his business being unauthorized by the act of 1887 is void as to her, and that fact being made to appear by testimony the judgment as to her will be stricken from the record.

" In the cases before us, the fact of coverture does not appear in the record of the judgments as confessed.   It however is shown by testimony that Lydia is the wife of J. G. Bottorf.

" [The testimony further shows, that the money was borrowed by her for the very purpose for which she may bind herself and her estate or business by her contracts. [6] . . . .

[" It can no longer be said that the power of a feme covert to contract is exceptional. A feme covert cannot indorse for her husband or become his surety. But where she has a separate estate, she may make any and all contracts that a person sui juris can make." ] [7]

Rules to open judgment discharged. Defendant appealed.

*Errors assigned* were (1–7) above findings, quoting them ; and (8) order discharging rule.

*John G. Love, H. H. Harshberger* with him, for appellant.

*J. C. Meyer, John H. Orvis, C. M. Bower* and *Ellis L. Orvis,* for appellees, not heard.

PER CURIAM, May 1, 1893:

This appeal is from the order of court refusing to open the judgment as to the defendant Lydia Bottorf, wife of the other defendant, and let her into a defence.

The facts found by the learned judge are specifically stated in his opinion. The fourth to the seventh of these, inclusive, are the subjects of complaint in the first four specifications of error respectively. An examination of the testimony shows that the findings complained of were fully warranted, and said specifications are therefore not sustained. The conclusions, drawn by the learned judge from the evidence, etc., complained of in the fifth and sixth specifications are not erroneous.

The questions of law involved in the seventh and eighth specifications have been considered and definitely settled in several recent decisions, construing " the married persons property act " of June 3, 1887, among which are, Latrobe, etc. Association v. Fritz, 152 Pa. 224 ; Milligan v. Phipps, 153 Pa. 208 ; Abell v. Chaffee, 154 Pa. 256 ; Adams v. Grey, 154 Pa. 258. The questions of law now before us are ruled by these cases ; and further discussion of them is therefore unnecessary.

Neither of the specifications of error is sustained. The order of court refusing to open the judgment and let defendant into a defence is affirmed, and appeal dismissed, with costs to be paid by appellants.