## Sibley v. Robertson, Appellant.

*Appeals—Assignments of errors—Answers to points—Exceptions.*

Assignments of error based on answers to points will not be considered where the record shows that no exceptions were taken to such answers.

*Married women—Principal and surety—Evidence—Act of June 8, 1893, P. L. 344.*

Where a married woman is sought to be held on an obligation as to which she claims that she is a surety for her husband, her liability is not determined alone by the form of the obligation, if the object was to evade the disability created by the statute. The fact, not the form, will determine her liability.

In an action against a married woman where it appears that the defendant agreed in consideration of the leasing of her property by plaintiff and the employment by him of her husband as superintendent of the business to be carried on in the premises, to become liable for one-half of plaintiff's losses in such business, evidence is admissible to show that the liability of the defendant was assumed on the importunity and solely at the request and for the benefit of defendant's husband, and without any negotiations between the plaintiff and the defendant.

Argued March 20, 1905. Appeal, No. 7, Jan. T., 1905, by defendant, from judgment of C. P. No. 5, Phila. Co., March T., 1903, No. 589, on verdict for plaintiff in case of Francis P. Sibley v. Hannah A. Robertson. Before DEAN, FELL, BROWN, MESTREZAT and ELKIN, JJ. Reversed.

Assumpsit against a married woman on an obligation in writing. Before RALSTON, J.

At the trial it appeared that the obligation in question was as follows:

" This agreement made and entered into by and between Francis P. Sibley, of the city of Philadelphia, party of the first part, and Hannah A. Robertson, party of the second part:

"WITNESSETH:

"That the said party of the second part is the owner of a mill in Pittsville, 22nd Ward of the City of Philadelphia, which the said Francis P. Sibley has agreed to rent from her at a rental of $750 per annum and employ her husband as manager of the said mill. In consideration of the leasing of the said mill and the payment of the rent therefor at the rate fixed in the lease by the said Francis P. Sibley and of the said Francis P. Sibley employing the husband of the said Hannah A. Robertson under a certain agreement of even date herewith between the said Francis P. Sibley and William J. Robertson, the party of the second part hereby covenants and agrees to and with the said Francis P. Sibley that if at the time the said business shall be terminated in accordance with the terms of said agreement or in any other way, it shall have resulted in a net loss to Francis P. Sibley, that she, the said Hannah A. Robertson, shall and will pay to the said Francis P. Sibley one-half of the net losses suffered by him in consequence of said agreement."

When William J. Robertson, defendant's husband was on the stand, he was asked this question:

"Q. Look at that paper, signed by Hannah A. Robertson, July 21, and tell me when you first saw it."

Objected to by Mr. Potter.

Objection sustained.

Exception for defendant. [2]

Mr. Lamb: I renew my offer to prove by this witness that she first signed the lease and some days afterward the other paper, the third paper—agreement—was brought to her by her husband and she then signed it.

Objected to by Mr. Potter.

Objection sustained.

Exception for defendant. [4]

The defendant was asked this question:

"Q. Did you get notice from Mr. Sibley about terminating the lease of your property?"

Objected to by Mr. Potter, as irrelevant and immaterial.

Objection sustained.

Exception for defendant. [5]

"Q. Did you ever see the agreement between your husband

and Mr. Sibley, by which your husband was to be employed?"

Objected to by Mr. Potter.

Objection sustained.

Exception for defendant. [6]

"Q. What consideration of any kind did you receive for signing the paper—the agreement between you and Mr. Sibley?"

Objected to by Mr. Potter.

Objection sustained.

Exception for defendant. [7]

Verdict and judgment for plaintiff for $6,450. Defendant appealed.

*Errors assigned* were (1–7) various rulings on evidence, quoting the bill of exceptions; (8–15) answers to various points.

*John G. Lamb,* for appellant.—The principal contention of the appellant is that the agreement between her and the appellee, by which she agreed in consideration of the leasing of her mill and the employment of her husband to pay one half the losses suffered by the appellee in his business, was an attempt to evade the proviso in the act of June 8, 1893, which prohibits her from becoming surety for another, and therefore void: Patrick v. Smith, 165 Pa. 526; Vogel v. Leichner, 102 Ind. 55 (1 N. E. Repr. 554); Real Estate Investment Co. v. Roop, 132 Pa. 496; Burkholder's App., 105 Pa. 31.

*Leoni Melick,* of Melick, Potter & Dechert, with him *Frederick S. Drake* and *John Weaver,* for appellee, cited: Paper Co. v. Cassard, 206 Pa. 179; Milligan v. Phipps, 153 Pa. 208; Spott's Est., 156 Pa. 281; Kuhn v. Ogilvie, 178 Pa. 303; Wiltbank v. Tobler, 181 Pa. 103.

OPINION BY MR. JUSTICE MESTREZAT, May 8, 1905:

This is an action of assumpsit against a married woman, the appellant, to enforce a liability arising on certain agreements signed by her and the plaintiff, the appellee. She resists a recovery on the ground that no consideration passed to her and that in executing the agreements she assumed the liability of a guarantor or surety for her husband and is therefore protected

by the Act of June 8, 1893, P. L. 344 (2 Purd. Dig. 1299) which provides that a married woman "may not become accommodation indorser, maker, guarantor or surety for another." This provision of the act of 1893 has frequently been before this court for construction. Patrick & Co. v. Smith, 165 Pa. 526, was an action of assumpsit on a promissory note given by a married woman to the plaintiffs. Smith presented to the plaintiffs, bankers, a draft indorsed by himself for discount. Plaintiffs agreed to accept the draft with the wife's indorsement if she would draw a check for the proceeds. Smith took the draft home, and at his request his wife indorsed it and drew a check on Patrick & Co. for the proceeds, payable to her husband's order. When the draft matured, Smith paid part of it, and at the request of Patrick & Co. obtained from his wife her note for the balance, and her check for the proceeds payable to his order. Mrs. Smith's part of the transaction was solely for the accommodation of her husband which was well known to the plaintiffs. This court held that there could be no recovery against the wife on the note, and that she was within the protection of the proviso to the act of June 8, 1893, forbidding a married woman to become an accommodation indorser, guarantor or surety for another. In delivering the opinion Mr. Justice DEAN, speaking of the act of 1893, says : " This act declared that a married woman might bind herself by many contracts which theretofore she could not legally make, yet it expressly continued her disability to become an accommodation indorser, guarantor or surety for another. . . . Formerly her capacity to contract was exceptional, and her disability general ; now the disability is exceptional and her capacity general. . . . Her liability is not determined alone by the form of the obligation. If the object was to evade the disability created by the statute, the fact not the form will determine her liability. . . . The whole transaction was a transparent device, adopted by the plaintiffs and the husband, to evade an express statutory enactment ; to create, by form, a liability, where by law none in fact existed. As she received no benefit, as the plaintiff was in no way deceived, she was under neither moral nor legal obligation to pay, and there should have been no verdict against her." This case was followed and approved in Wiltbank v. Tobler, 181 Pa. 103. The Late Chief Justice

GREEN, delivering the opinion in that case, in speaking of the capacity of a married woman to enter into a contract prohibited by the proviso to the act of 1893, said : " As there was not then (prior to the act of 1893), and is not now, any contracting capacity upon which such a liability can be founded, it does not exist. In Patrick & Co. v. Smith, 165 Pa. 526, this view was enforced where a very ingenious method of evading the act was devised. But we looked beyond the method, and refused to enforce a liability of indorsement by the wife of a draft in favor of her husband, although she drew the proceeds of the draft from the bank which discounted it by her personal check in favor of her husband, and subsequently gave her own note for the unpaid part of the draft, and again drew the proceeds by her personal check in favor of her husband :" Real Estate Investment Co. v. Roop, 132 Pa. 496, involved the interpretation of the proviso in the married person's property act of 1887 that nothing in the act should " enable a married woman to become accommodation indorser, guarantor, or surety for another," this being identical with the provision as to her disability found in the act of 1893. The case arose on a judgment note signed by both husband and wife to raise money to aid the husband in his business. This court held that the wife was not liable on the note, and in the opinion it is said : " If not given as surety for her husband, it (the note) was given upon his importunity and to aid him in his business, one of the very perils from which the law ought to protect a married woman."

We must disregard the last eight assignments which allege error in the court's answers to the requests for instructions embraced in the points for charge presented by the appellant. No exceptions were taken to the rulings of the trial court and hence they cannot be assigned for error. This is to be regretted as those rulings raise material questions in the case. The appellant's contention is that the three papers offered in evidence for the purpose of establishing her liability, at least when supplemented by the parol evidence she offered, disclose the fact that she was a surety for her husband and hence the contract was avoided by the above cited provision of the act of 1893. She maintains that, in the language of the court in Patrick & Co. v. Smith, 165 Pa. 526, " the whole transaction

was a transparent device adopted by the plaintiff and her husband to evade an express statutory enactment; to create, by form, a liability, where by law none in fact existed." But, as suggested above, by reason of the failure to except to the court's rulings on the points presented, we cannot determine these vital questions. The third assignment is likewise not supported by an exception and hence cannot be considered.

Some, at least, of the other assignments, however, alleging error in the rejection of testimony, must be sustained. The purpose of the testimony, as we gather from the questions though not set forth in an offer, was to show that the liability of the appellant was assumed, as in the cases cited above, on the importunity and solely at the request and for the benefit of the defendant's husband and without any negotiations between the appellee and the appellant. Such testimony in no way contradicts the writings in the case, but was material in determining the liability of the appellant on the cause of action set forth in the statement. This evidence was competent in view of what was said in the opinion referred to above, that the defendant's " liability is not determined alone by the form of the obligation, if the object was to evade the disability created by the statute, the fact, not the form, will determine her liability." We sustain the assignments in so far as they allege error in the rejection of testimony of that character.

The judgment is reversed and a venire facias de novo is awarded.