### Petri v. Carracciolo, Appellant.

*Appeals—Oral instructions—Exceptions—Quashing appeal.*
An appeal will be quashed where error is assigned to oral instructions,
but no exception has been taken to such instructions.

Argued March 1, 1907.   Appeal, No. 51, Jan. T., 1907, by
defendant, from judgment of C. P. Lackawanna Co., Jan. T.,
1905, No. 554, on verdict for plaintiff in case of Petro Petri v.
Dominick Carracciolo.   Before RICE, P. J., PORTER, HENDER-
SON, ORLADY, HEAD and BEAVER, JJ.   Appeal quashed.

Motion to quash appeal.
The fourth reason  assigned in support of the motion was as
follows :
4. Because there was no exception in the court below to rul-
ings on the points presented by plaintiff or to the charge, and
no request by the counsel for appellant to the court, before
verdict for an order directing the charge to be made a matter
of record for purposes of enabling them to except thereto.

1. There must be an exception noted to the charge before
verdict, to enable a complaining party to successfully assign er-
rors thereto afterwards.

2. Counsel must request before verdict that the charge be

reduced to writing from the stenographer's notes, and filed of record, and that he does so request, must appear of record. If the record does not so show, his appeal will be quashed on motion of the opposite counsel: Curtis v. Winston, 186 Pa. 492.

The above case is cited as authority in quashing the appeal of Patterson v. Groetzinger, 10 Pa. Superior Ct. 327.

Where no exception is taken, the book should be quashed: Finch v. Conrade's Executor, 154 Pa. 326; Tasker v. Sheldon, 115 Pa. 107.

*A. A. Vosbury*, with him *H. L. Taylor*, for appellant.

*H. D. Carey*, for appellee.

OPINION BY RICE P. J., April 15, 1907 :

The single matter, which the appellant who was defendant below assigns for error, is the court's answer to a certain point or request for instructions presented by the plaintiff. The docket entries do not show that any point in writing was presented to the judge before he charged the jury, and no such point is among the files sent up with the record. But it appears from the report of the charge, which was approved by the judge and filed by his direction, that the plaintiff " submitted two points or requests for specific instructions," and that in answer to the second the court gave the instructions complained of. The assignment of error, therefore, does not relate to a written answer to a point in writing, which was read to the jury and with the point then filed, but to oral instructions given in answer to a point or request, which, for aught this record shows, may have been submitted orally. The filing of the stenographer's report of these instructions did not of itself bring the case within the literal terms of sec. 1 of the Act of March 24, 1877, P. L. 38. We do not wish to be understood as intimating that oral instructions to the jury given in the way thus described are not assignable for error merely because the provisions of the act of 1877 were not strictly followed ; all that we decide is that if the record does not bring the case within the provisions of the first section of the act of 1877 such instructions do not stand on a higher plane than other portions

of the charge, and that the established prerequisites for bringing the charge upon the record for purpose of error cannot be dispensed with. The filing of the stenographer's notes of a judge's charge will not make it part of the record for the purpose of assigning error thereupon. It must affirmatively appear that the filing was the act of the judge himself, or by his express direction, evidenced by his signature either to the charge itself or to the bill of exceptions: Smith v. Times Publishing Co., 178 Pa. 481; Heyer v. Cunningham Piano Co., 6 Pa. Superior Ct. 504. This was all that was necessary to decide upon this subject in those cases, but in the later case of Curtis v. Winston, 186 Pa. 492, the question of the right to assign error to the charge arose upon a certificate of the judge " that the foregoing is a full and accurate transcript of the stenographer's notes of the trial and of the charge of the court in said case, as tried before me on May 11, 1897, which contains all that occurred during the trial, and I hereby direct the same to be filed in accordance with a request made to me on June 9, 1907." This certificate as to the correctness of the stenographer's transcript of the evidence and the charge, and as evidence that it was filed by express direction of the judge, was as broad as that attached to the stenographer's transcript in the present case ; but it was held that where the record shows no exception to the charge before the verdict and no request to the court before verdict to order it to be filed it is not subject to assignment of error. This ruling, which has been consistently followed from that time to this, is a complete answer to the suggestion of the appellant's counsel that if the stenographer's transcript be certified in the form prescribed by rule 6, no exception to the charge and no request to file it need be made before verdict. As was said by Justice DEAN in Curtis v. Winston it is asking but little of the party complaining that, if he then have any reason to dissent from the law as announced by the judge, he have his exception noted of record. " He is no longer bound to tender a bill of exceptions, specifying particularly the errors he complains of, and praying that bills be sealed. Of this, the legislation since 1856 has relieved him; but he has not been relieved either by statute or decision, if he has any objection to the law announced in his hearing by the court, of then making it known of record." These remarks are equally pertinent

when the matter complained of consists of oral instructions given in answer to a request of counsel, and, as we understand the very recent case of Sibley v. Robertson, 212 Pa. 24, there is necessity for excepting in order to assign them for error. It follows that the fourth reason assigned in support of the motion to quash the appeal must be sustained.

The appeal is quashed.