# Guemple, Appellant, *v.* Philadelphia Rapid Transit Company.

*Appeals—Assignments of error—Exception—Evidence.*

1. An assignment of error to the action of the trial court in directing a verdict for defendant will not be considered by the appellate court where the record shows that no exception was taken to the instruction at the trial.

2. Where the trial court directs a verdict for the defendant without objection or exception by defendant an assignment of error by the plaintiff to the disallowance of testimony cannot be considered.

Argued Jan. 20, 1909.    Appeal, No. 292, Jan. T., 1908, by Mary Guemple, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1902, No. 3,511, on verdict for defendant in case of Mary Guemple, Administratrix of William Guemple, deceased, v. Philadelphia Rapid Transit Company.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Trespass to recover damages for personal injuries.
Verdict and judgment for defendant.

*Errors assigned* appear by the opinion of the Supreme Court.

*Henry J. Scott,* with him *Walter Stradling,* for appellant.

*Thomas Leaming,* with him *Sidney Young,* for appellee.

OPINION BY MR. JUSTICE BROWN, April 12, 1909:

On this appeal from the judgment on a verdict for the defendant we have two assignments of error.    The first com-

plains of the court's direction of the verdict in its favor. The affirmative answer to the point requesting such direction was not excepted to, and we must sustain the contention of counsel for appellee that the first assignment cannot be considered: Curtis v. Winston, 186 Pa. 492; Sibley v. Robertson, 212 Pa. 24.

The second assignment is to the disallowance of the following question asked a witness called by the plaintiff: "Q. When the motorman struck the wagon or the time he struck it or immediately thereafter, what, if anything, did he say?" When this question was objected to the purpose of the offer was not stated, and the answer of the witness might have shown that what the motorman said was utterly irrelevant to the issue; but, aside from this, as there was no exception taken to the court's direction of a verdict for the defendant on the record as it stood when plaintiff closed her case, the judgment on that verdict cannot be disturbed on her second assignment of error. What the motorman may have said was no longer in the case after a verdict was directed without objection or exception by the appellant.

The two assignments are dismissed and the judgment is affirmed.