## Commonwealth *v.* Johnston, Appellant (No. 1).

*Appeals—Assignments of error—Exception to instructions—Quashing appeal.*

An appeal will be quashed where the record fails to show that any exceptions were taken to answers to points or to portions of the charge assigned as error.

Argued April 15, 1910. Appeal, No. 50, April T., 1910, by defendant, from judgment of Q. S. Allegheny Co., March Sessions, 1909, No. 172, on verdict of guilty in case of Commonwealth v. F. Johnston et al. Before RICE, P. J., HENDERSON, MORRISON, HEAD, BEAVER and PORTER, JJ. Appealed quashed.

Indictment for conspiracy.

At the trial the jury returned a verdict of guilty on which judgment of sentence was passed.

*Errors assigned* were (1, 2) refusal of two points presented by the defendant and (3) portion of charge, quoting it.

*E. W. Arthur*, with him *John S. Robb, Jr.,* and *W. S. Thomas,* for appellant.

*Harry H. Rowand,* assistant district attorney, with him *William A. Blakeley,* district attorney, for appellee.

PER CURIAM, October 10, 1910:

The first assignment of error is to the refusal of the defendants' point that under all the evidence the verdict must be in their favor; the second to the answer to a point that if the jury found certain facts the defendants could not be convicted of criminal conspiracy; and the third to certain instructions given in the general charge. They all involve questions arising upon the evidence, and,

therefore, in the absence of exception before verdict, the answers and instructions are not subject to review on appeal: Curtis v. Winston, 186 Pa. 492; Sibley v. Robertson, 212 Pa. 24; Guemple v. Philadelphia Rapid Transit Co., 224 Pa. 327; Petri v. Carracciolo, 33 Pa. Superior Ct. 312. The record fails to show anywhere that an exception was taken either to the charge or the answers to the points, and of course we must be guided by the record. It follows that the judgment should be affirmed or the appeal quashed. Following the precedent in Curtis v. Winston, we adopt the latter course.

The appeal is quashed.