## Brown *v.* Pitcairn Borough, Appellant.

*Appeals—Assignment of error—Charge—Exceptions—Request for order to file.*

Assignments of error to the charge of the court will not be considered where the record fails to show an exception to the charge before verdict, or a request to the court before verdict to order the charge to be filed. The rules laid down in Curtis v. Winston, 186 Pa. 492, have in no way been changed by the Act of May 1, 1907, P. L. 135.

Argued April 10, 1911. Appeals, Nos. 119 and 120, April T., 1911, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1908, No. 251, on verdict for plaintiff in case of Samuel N. Brown and Lizzie Brown v. Pitcairn Borough. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were to the charge as a whole and certain portions of the charge.

*Joseph N. Huston,* for appellant.

*Meredith R. Marshall,* with him *Thos. M. and Rody P. Marshall,* for appellee.—All of the assignments of error are to the charge of the court, and as there was no request before verdict, that the charge be reduced to writing from the stenographer's notes and filed of record and that the record does not show that such request was made, the charge of the court is not lawfully of record for consideration: Curtis v. Winston, 186 Pa. 492; Stout v. Quinn, 9 Pa. Superior Ct. 179; Scott v. Smaltz, 10 Pa. Superior Ct. 44; Leonard v. Leslie, 23 Pa. Superior Ct. 63; Mathushek Piano Mfg. Co. v. Engberry, 30 Pa. Superior Ct. 543.

OPINION BY RICE, P. J., July 13, 1911:

At the end of the official stenographer's transcript of the charge appears the following: "To which charge of the court counsel for the defendant excepts. Exception allowed and bill sealed for the defendant." Immediately following his certificate attached to the transcript of the testimony, appears the following certificate of the trial judge: "Foregoing notes of testimony with the exceptions taken by counsel during the trial to the rejection or admission thereof, and the charge with the exceptions thereto, have been examined by me and are hereby approved and ordered to be filed."

All the assignments of error are to the charge, and counsel for appellee move to quash the appeal upon the authority of Curtis v. Winston, 186 Pa. 492. In that case Mr. Justice DEAN quoted sec. 25 of the Act of February 24, 1806, P. L. 334, sec. 1 of the Act of April 15, 1856, P. L. 337, secs. 1 and 2 of the Act of March 24, 1877, P. L. 38, and sec. 3 of the Act of May 24, 1887, P. L. 199, and, after citing and commenting on several of the leading cases relating to the subject, declared that the settled construction of these statutes was as follows: "1. There must be an exception noted to the charge before verdict to enable a complaining party to successfully assign errors thereto afterwards. It is not necessary

to specify the error at that time.  But counsel must then indicate their dissent from the law as announced by the judge by having noted an exception to the charge. . . . 2. He must request, before verdict, that the charge be reduced to writing from the stenographer's notes and filed of record, and that he does so request must appear of record."  It would require great astuteness to conjure up two possible constructions of this plain language. But even if a construction could be given to it that would make compliance with one of these requisites, without compliance with the other, sufficient to enable the complaining party to assign the charge for error, it would not help the appellant's case, for, as already seen, the record fails to show an exception to the charge before verdict, or a request to the court before verdict, or at any time, to order it to be filed.  Curtis v. Winston has been cited and applied many times since it was decided, and as late as Lindsay v. Dutton, 227 Pa. 208, and Com. v. Johnston, 44 Pa. Superior Ct. 218.  In none of the cases has the ruling therein enunciated been modified or questioned.  Nor do we think that it was changed by the Act of May 1, 1907, P. L. 135.  True, the fourth section of that act provides that the transcript, duly certified by the stenographer and approved by the trial judge in the form therein prescribed, "shall be filed in the proper office of the court, and shall thereafter become a record of the proceedings therein reported."  But this language does not necessarily import that when the charge is so filed any portion of it may be assigned for error even though the party complaining neither excepted before verdict, nor requested before verdict that it be filed. The more specific language of sec. 2 of the act of 1877 had been construed not to bring about that result, and the legislature of 1907 must be presumed to have been cognizant of the fact.  It is reasonable to assume that, if they had intended so radical a change, they would have expressed their intention in terms that could not be misunderstood.  The case of Curtis v. Winston is decisive

of the question, and, therefore, the motion to quash must be sustained.

The appeals are quashed at the costs of the appellant.