# Class & Nachod Brewing Company, Appellant, *v.* Rago.

*Married women—Contracts—Judgment note—Opening judgment—Surety for debt of another—Charge of court.*

1. On an issue to determine the validity of a judgment against a married woman where the defendant offered testimony that she had given the note on which the judgment had been entered as security for the debt of her son, and the plaintiff offered testimony that the note had been given for money loaned to and received by the defendant, the case is for the jury; but it is error for the court to charge in effect that unless the money loaned to a married woman goes to the benefit of her estate, or is necessary, appropriate, convenient or advantageous to the exercise of her estate, she is not liable for the money loaned.

2. In such a case it is also error for the court to charge that if the jury find that the defendant took the money from the plaintiff, a brewing company, simply to help her son to get a liquor license "and that while the money was paid to her and she gave her note, yet she received no benefit whatever from the money, nor was there any understanding that she was to receive any benefit from the money, then we say to you that that was substantially going security for her son, and the mere fact that the money was paid to her and the note given by her would simply be an evasion of the act of assembly."

Argued Dec. 16, 1912. Appeal, No. 192, Oct. T., 1912, by plaintiff, from judgment of C. P. No. 2, Phila. Co.,

March T., 1912, No. 4,134, on verdict for defendant in case of The Class & Nachod Brewing Company v. Concetta Rago.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.  Reversed.

Issue to determine the validity of a judgment entered on a judgment note.

At the trial the defendant claimed that she had given the judgment note upon which judgment had been entered as surety for the debt of her son.

The court charged in part as follows:

If you find that John Rago, the son of the defendant, solicited the plaintiff to advance him the money to pay his license fee of $1,000 and that after several interviews and negotiations the plaintiff agreed to advance the money if the defendant went his security or gave her judgment note for $500, and that in pursuance thereof John Rago, the son, gave his note for $500 and the defendant gave her note for $500, and the plaintiff gave the son, John Rago, a check to the order of the city treasurer, for $1,000, then we instruct you that if the defendant, Concetta Rago, were a married woman, she is not liable for the payment of the note executed by her and the verdict must be for the defendant.  [Or if you find that the defendant solicited the plaintiff to lend her son, John Rago, the $1,000 to pay his license fee and as a result of the negotiations the plaintiff agreed to advance the money by giving $500 in cash to John Rago, the son, and taking his note therefor, and $500 in cash to the defendant, with the full understanding that it was to be taken to pay John Rago's license fee, and it was used for that purpose, and she gave the note in question, receiving no personal advantage or use of the same, and that it was not necessary, appropriate, convenient or advantageous to the exercise of her estate, then we instruct you that she is not liable for the payment of the same and the verdict must be for the defendant.]  [1]

\*    \*    \*    \*    \*    \*    \*    \*

[If, however, you find from all the testimony that Concetta Rago took this $500 simply to help her son, John Rago, to get the license, that she had no interest in the business at all, and that while the money was paid to her and she gave her note, yet she received no benefit whatever from the money, nor was there any understanding that she was to receive any benefit from the money, then we say to you that that was substantially going security for her son John, and the mere fact that the money was paid to her and the note given by her, would simply be an evasion of the act of assembly.] [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Owen J. Roberts*, for appellant.—One who presents a money obligation of a married woman, since the act of 1887, has made out a prima facie case, which can only be defeated by showing that the contract is one of the kinds prohibited by that act. The presumption even in case of a judgment is that it is regular and valid: Spott's Estate, 156 Pa. 281.

The trial judge failed to present this issue to the jury, but presented to them a collateral issue, viz.: whether the contract was for the benefit of the defendant, and whether she gained any profit or advantage thereby: Real Estate Inv. Co. v. Roop, 132 Pa. 496; Kuhn v. Ogilvie, 178 Pa. 303; Children's Aid Society v. Benford, 26 Pa. Superior Ct. 555; Peter Adams Paper Co. v. Cassard, 206 Pa. 179; Spott's Estate, 156 Pa. 281; Milligan v. Phipps, 153 Pa. 208; Italo-French Produce Co. v. Thomas, 31 Pa. Superior Ct. 503; Steffen v. Smith, 159 Pa. 207.

*Francis M. McAdams*, for appellee.—The cases, construing the act, have been practically unanimous in holding that contracts with married women, such as the one in issue here, are unenforceable and void: Patrick v.

Smith, 165 Pa. 526; Wiltbank v. Tobler, 181 Pa. 103; Harper v. O'Neil, 194 Pa. 141; Stewart v. Stewart, 207 Pa. 59; Sibley v. Robertson, 212 Pa. 24; Murray v. McDonald, 236 Pa. 26; Bank v. Short, 15 Pa. Superior Ct. 64; Jaquett v. Allabaugh, 16 Pa. Superior Ct. 557; Keystone Brewing Co. v. Varzaly, 39 Pa. Superior Ct. 155.

OPINION BY PORTER, J., April 21, 1913:

Judgment was entered against the defendant upon a note with warrant of attorney, dated May 15, 1906, signed by her and payable to the plaintiff. She presented her petition to the court below averring that she was a married woman: "That the said note was a guaranty or surety for another, and that this defendant never received one penny of the money which the said note and judgment are supposed to represent, nor has she received from the plaintiff or from any one else an accounting of how any of the said money was used, nor did she ever see any of the money which the said note and judgment are supposed to represent, transferred or paid to any one," and praying that the judgment be opened and she let into a defense. The plaintiff filed an answer to this petition denying that the defendant had signed the note as guarantor or surety for another, and averring that it was for a loan of money to the amount of the note, made to the defendant at the date of the note, and paid to the defendant in cash. The judgment having been opened, the trial resulted in a verdict and judgment in favor of the defendant, and the plaintiff appeals.

The plaintiff, at the trial, proved the execution of the note and offered it in evidence, thus showing a prima facie right to recover. The defendant, by herself and other witnesses, presented testimony which, if believed, established that her son John, being in need of $1,000 to pay the fee for a license to sell liquor, had borrowed the money from the plaintiff, upon an agreement that the defendant should become security for the repayment of $500 of the loan, and that in accordance with said agreement she had

given this note for $500; that the $1,000 which the plaintiff advanced was by a check payable to the order of the city treasurer, which could be used only for the payment of the license fee, and that the defendant received no consideration whatever for the note. This testimony was contradicted by witnesses called by the plaintiff, whose testimony was to the effect that the plaintiff paid to the defendant personally, at the time she signed the note, the sum of $500 in cash, and that there was no restriction as to the manner in which she should use the money so paid to her. If the testimony offered by the defendant was true she was an accommodation maker of the note, which was delivered as security for the debt of her son. If the witnesses produced by the plaintiff told the truth the money was loaned directly to the defendant and the note was neither a security for nor an obligation collateral to any undertaking by another party; the defendant was the only party to the loan. This conflicting evidence presented a question which it was for the jury to decide: Harper v. O'Neil, 194 Pa. 141; Stewart v. Stewart, 207 Pa. 59; Murray v. McDonald, 236 Pa. 26.

The plaintiff does not contend that the question ought not to have been submitted to the jury, but complains only of the manner of that submission. The capacity of a married woman to contract was formerly exceptional, and her disability general; now the disability is exceptional and her capacity general. The Act of June 8, 1893, P. L. 344, in its first section, conferred upon married women "the same right and power as an unmarried person to acquire, own, possess, control, use, lease, sell, or otherwise dispose of any property of any kind, . . . . but she may not mortgage or convey her real property, unless her husband join in such mortgage or conveyance." The second section of that statute enacts that: "Hereafter a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing, or otherwise, which is necessary, appropriate, convenient or advantageous to the exercise or enjoyment of the rights

and powers granted by the foregoing section'' (above quoted), ''but she may not become accommodation indorser, maker, guarantor or surety for another, and she may not execute or acknowledge a deed, or other written instrument, conveying or mortgaging her real property, unless her husband join in such mortgage or conveyance.'' The limitations upon the capacity of a married woman to contract have been by this statute removed, except in two cases: (1) She cannot become an accommodation indorser, maker or guarantor or surety for another. (2) She cannot without her husband join, convey or mortgage her real estate: Peter Adams Paper Co. v. Cassard, 206 Pa. 179; Children's Aid Society v. Benford, 26 Pa. Superior Ct. 555; Italo-French Produce Co. v. Thomas, 31 Pa. Superior Ct. 503. We are not in this case dealing with a mortgage or conveyance of real estate, and the only question involved at the trial in the court below was whether the note in question was the original undertaking of the defendant, or she, on the other hand, was a surety or accommodation maker, within the meaning of the statute. That question was, it is true, to be determined not from the mere form of the instrument but from all the facts established by evidence: Sibley v. Robertson, 212 Pa. 24; Kuhn v. Ogilvie, 178 Pa. 303.

The learned judge of the court below in that part of the charge which is the subject of the first specification of error instructed the jury, in substance, that if plaintiff loaned the $500 in cash to the defendant, with knowledge that she was to use it to pay the license fee of her son, and it was used for that purpose, and she gave the note in question, ''receiving no personal advantage or use of the same, and that it was not necessary, appropriate, convenient or advantageous to the exercise of her estate, then we instruct you that she is not liable for the payment of the same and the verdict must be for the defendant.'' This language must certainly have led the jury to believe that it was a part of their duty to determine whether the transaction was ''necessary, appropriate, convenient or

advantageous to the exercise of her estate," that is, the separate estate of this defendant. The learned judge may have had in mind the provisions of the second section of the act of 1893, above quoted, but his memory did not serve him with accuracy. The contracts which that section of the statute empowers a married woman to make are not merely such as are necessary, appropriate, convenient or advantageous to the exercise of "her estate"; they are such as are necessary, appropriate, convenient or advantageous "to the exercise or enjoyment of the rights and powers granted" by the first section of that statute. If the contract was one which the defendant had the power to make, she was the sole judge of its necessity and of its wisdom. "If we concede that it is not necessary, but on the contrary a foolish expenditure of money, it must be remembered that the act of assembly now permits her to do foolish things:" Milligan v. Phipps, 153 Pa. 208. The first specification of error is sustained.

The learned judge of the court below also charged the jury as follows: "If, however, you find from all the testimony that Concetta Rago took this $500 simply to help her son, John Rago, to get the license, that she had no interest in the business at all, and that while the money was paid to her and she gave her note, yet she received no benefit whatever from the money, nor was there any understanding that she was to receive any benefit from the money, then we say to you that that was substantially going security for her son John, and the mere fact that the money was paid to her and the note given by her would simply be an evasion of the act of assembly." This is the subject of the second specification of error. There was in this case no antecedent debt from John Rago to the plaintiff to be secured. The transaction involved only a present loan of money by the plaintiff. The above language of the court implies that if the plaintiff loaned the money to the defendant and took her note for the same, and she then gave the money to her son, not herself receiving any personal benefit from its use, she would be

free from any liability to repay the money borrowed. There can be no question that the act of 1893 empowers a married woman to borrow money and give her promissory note for the payment thereof. Having borrowed it, she may use it to purchase a wedding outfit for her daughter or give it to her son to aid him in business. If the lender had, as a part of the contract upon which the money was advanced required that the borrower should at once turn the money over to another, an entirely different question would have been presented: Patrick v. Smith, 165 Pa. 526. The facts assumed in that part of the charge above quoted, would have left the defendant entirely free to do with the money as she pleased after receiving it. The second specification of error is sustained.

The judgment is reversed and a venire facias de novo awarded.