# Bank of Mifflintown, Appellant, *v.* Bank of New Kensington.

*Banks and banking—National banks—Ultra vires acts—Practice, C. P.—Statements of claim—Amendments—New cause of action—Statute of limitations.*

1. As the charter of a national bank does not authorize it to deal in bills of lading, but does authorize it to purchase drafts, an amendment to the statement of claim, in an action to recover a profit guaranteed by a national bank, on transactions involving the purchase and sale of bills of lading with plaintiff's funds so as to aver a contract for the purchase of "sight drafts with bills of lading for grain attached thereto" would have introduced a new cause of action, and was properly disallowed after the statute of limitations had run against the entire claim.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments—Binding instructions.*

2. Failure of a litigant to take exception to binding instructions will be regarded as a waiver, also, of prior objections or exceptions, which in view of the ultimate disposition of the case have become unimportant, and such matters cannot be brought before the Supreme Court, by including them in a motion for a new trial, and assigning as error the refusal of the motion.

Submitted Oct. 2, 1914. Appeal, No. 194, Oct. T., 1914, by plaintiff, from judgment of C. P. Westmoreland Co., May T., 1912, No. 863, on directed verdict for defendant in case of First National Bank of Mifflintown, Pa., v. First National Bank of New Kensington, Pa. Be-

fore FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCH-
ZISKER, JJ.  Appeal quashed.

Assumpsit for money had and received to plaintiff's
use.  Before McCONNELL, J.

The opinion of the Supreme Court states the facts.

Verdict for defendant by direction of the court and
judgment thereon.  Plaintiff appealed.

*Errors assigned* were in refusing plaintiff's motion
for a new trial, wherein various alleged errors of the
trial court were set forth.

*J. Howard Neely, Edward E. Robbins,* and *Adam M.
Wyant,* submitted a paper book for appellant.

*Paul H. Gaither* and *Charles E. Whitten,* submitted a
paper book for appellee.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

From the record in this case it appears that the First
National Bank of Mifflintown deposited funds in the
First National Bank of New Kensington, upon an agree-
ment that the latter was to pay interest at the rate of
four per cent. per annum on daily balances.  In its state-
ment of claim, plaintiff avers that there was an agree-
ment that "of the said moneys so deposited, the First
National Bank of New Kensington might invest for
plaintiff, in the purchase of bills of lading for grain, to
be held by the First National Bank of New Kensington
for the account of the plaintiff, upon the agreement that
the same should be sold at the amount invested, plus
interest at the rate of six per centum."  It is further
averred that from May 10 to May 31, 1906, defendant
advised plaintiff, that it had used its funds in the pur-
chase of bills of lading aggregating $14,911.98; but the
said bills of lading were not turned over to plaintiff, nor
held for its account, nor were they sold and the proceeds

thereof applied to the account of, or paid to plaintiff, and that thereupon defendant became indebted to plaintiff in the sum claimed. At the trial, instead of offering to prove the allegation in the statement, that the funds of plaintiff were invested in bills of lading, an attempt was made instead, to show that the funds of plaintiff were used to purchase drafts with bills of lading attached. Objection being made to this it was sustained, on the ground that there was no basis for such proof, in the statement of claim. An offer was then made on behalf of plaintiff to amend the statement, so that it would set forth that the agreement authorized the defendant, acting in behalf of plaintiff, to "invest in the purchase or discount of sight drafts with bills of lading for grain attached thereto, and hold the same until due, and collect such profits, and deposit the proceeds thereof in the First National Bank of New Kensington to the credit of the First National Bank of Mifflintown, or remit the same, with six per cent. interest thereon during the period of such investment." The effect of the proposed amendment would have been to permit plaintiff to prove an agreement to purchase sight drafts, instead of a contract to purchase bills of lading as was averred in the statement. The trial judge refused to allow the proposed amendment, on the ground that it would introduce a new cause of action, after the expiration of the period allowed by the statute of limitations. A motion that the jury be instructed to find for defendant was sustained, and a verdict was rendered accordingly. No exception was taken by counsel for plaintiff to the action of the court in giving binding instructions for defendant. A motion for a new trial was overruled, and judgment was entered on the verdict. Plaintiff has appealed. Counsel for defendant has filed a motion to quash the appeal on the ground that where a verdict for defendant has been rendered by direction of the court, and no exception taken thereto, rulings made during the trial cannot be assigned for error. This point is well taken. It

is directly supported by the decision in Guemple v.
Philadelphia Rapid Transit Company, 224 Pa. 327. If
the action of the court in giving binding instructions is
not challenged, it must be accepted as disposing of the
case as a whole. Failure to take exceptions to binding
instructions, must be regarded as a waiver also, of prior
objections or exceptions, which in view of the ultimate
disposition of the case have become unimportant. In
the present case, neither binding instructions, the re-
jection of the offer of proof, nor the refusal of the pro-
posed amendment, were made the subject of an assign-
ment of error. In the assignments in which an attempt
was made to raise questions of error in these rulings of
the trial judge, complaint is not made directly of the
rulings which were said to be erroneous, but complaint
is made of the action of the court below, in refusing to
grant a new trial on the ground that it had erred in mak-
ing those rulings. In other words appellant having
failed to take any exception to the direct action of the
court, attempted to evade the result of its omission by
making the rulings the subject of a motion for a new
trial, and then excepted to the refusal of the court to
sustain this motion and assigned such refusal as error.
This is a practice which cannot be approved or per-
mitted. As to the question whether a refusal to grant a
new trial is in itself a proper subject, for an assignment
of error, while we do not say that it is never to be prop-
erly so regarded, yet it is certainly true, that the grant-
ing or refusing of a motion for a new trial, is so largely
a matter of discretion in the court below, that we will
not attempt to review its exercise, except in a clear case
of abuse of that discretion. In the present case the ques-
tions raised by the motion for a new trial, were questions
of law, and in disposing of them, there was no abuse of
discretion whatever. If counsel for appellant wished
to bring these questions before this court, the proper
way would have been by assigning for error the actual
rulings of the trial judge. They cannot properly be

raised by merely assigning as error the refusal to grant a new trial.

In plaintiff's statement of the question here involved, but one matter is set forth, and that is whether the proposed amendment to the statement was permissible. The statement as filed sets forth a contract for the purchase of "bills of lading for grain," while the proposed amendment would have averred a contract for the purchase of "sight drafts with bills of lading for grain attached thereto." It is conceded that at the time when the motion to amend was made, the statute of limitations had run against the entire claim. The trial judge therefore refused the motion, on the ground that the amendment would introduce a new cause of action, which was at the time, barred by the statute. It is very clear that a contract to purchase bills of lading differs essentially from an agreement to purchase sight drafts. A bill of lading represents the goods which are in transit, and its purchase would mean the purchase and control of the goods. The trial judge very properly held that under the terms of its charter, a national bank had no authority to engage in such a transaction. On the other hand the purchase of drafts would clearly fall within the limits of the bank's authority. When in the presentation of its case as it was set forth in the statement, the plaintiff was met by the defense that a contract by a national bank to purchase bills of lading and guarantee a profit thereon to its customer, was ultra vires and void, it attempted to meet this objection by amending the statement, so as to aver that the actual contract was not for the purchase of bills of lading, but was for the purchase of sight drafts with bills of lading attached. Clearly this was setting up an entirely different contract, and the amendment if allowed would have operated to change the cause of action. Had this not been its effect, it would in this case, have been of no advantage to plaintiff. The trial judge was therefore clearly right in refusing the amendment, which proposed to introduce a

new cause of action, which was barred by the statute of limitations. If the question of the right to make the amendment was properly raised by the assignments of error, we would without hesitation affirm the action of the court below. As the record stands, we sustain the motion of counsel for appellee, and quash the appeal.