## Wimmer v. Kendall.

*Husband and wife—Joint liability on due bill in first person singular—Surety.*

A paper expressing on its face that it is an individual liability, but signed by two, must be held to import joint liability, and where the parties who signed are husband and wife, the presumption is that they are both jointly liable, and the burden is on the wife to prove that she falls within the exceptions mentioned in the act relating to married women.

Demurrer to plaintiff's statement of claim. C. P. Northampton Co., June T., 1925, No. 72.

Taylor & McCarthy, for plaintiff; Harry C. Cope, for defendants.

STEWART, P. J., Dec. 7, 1925.—This is a demurrer by the defendants to the plaintiff's statement of claim. The first and third causes of demurrer are to

the effect that the paper Exhibit A on its face shows no joint liability, that it is simply an admission of liability by Theodore H. Kendall. The paper itself is as follows:

"August 8th, 1916.

"I, Theodore H. Kendall, hereby acknowledge the loan of the sum of SIX HUNDRED DOLLARS, at 3%, from Mr. Gustav Wimmer, the father of my wife, Mrs. Lizzie A. Wimmer Kendall, to be accounted for in cash after his death just as soon as the executors are ready to settle up his estate.

"Signed        Mr. THEO. H. KENDALL.

Mrs. THEO. H. KENDALL."

This is not a promissory note. Even if it were a note written, "I, Theodore H. Kendall," and signed by both parties, the use of the pronoun is unimportant. Where two sign such a note, they are both liable: Byles on Bills (6th ed.), § 7, and cases cited in the note, page 18. In Painter v. Austin, 37 Pa. 458, the note was signed by one party. There was evidence of the admission of liability by the other party. Such admission was held to be evidence that the signing party was the agent of the other to make the promise. However, Exhibit A is not a promissory note. It is an admission of liability by Mrs. Theodore H. Kendall equally with Mr. Theodore H. Kendall, and the second paragraph of the statement of claim properly sets out the cause of action as follows: "That the said Gustav H. Wimmer during his lifetime and on, or about, the 8th day of August, 1916, issued to Theodore H. Kendall and Lizzie A. Kendall, his wife, the sum of $600.00, as appears by the written admission of the said Theodore H. Kendall and Lizzie A. Kendall, his wife, a copy of said admission being hereto annexed, marked Exhibit A, and made a part hereof." There is nothing illegal in making a loan to a man and his wife. In Peter Adams Paper Co. v. Cassard, 206 Pa. 179, it was held: "In Pennsylvania, every restriction imposed by the common law upon the capacity of a married woman to contract has been removed except in two cases; she cannot become accommodation endorser, maker or guarantor or surety for another; she cannot, without her husband joins, convey or mortgage her real estate." See, also, Green v. Green, 255 Pa. 224; Yeany, to use of Gold Standard National Bank, v. Shannon, 256 Pa. 135; Scott v. Bedell et ux., 269 Pa. 167, and Hagedorn v. Haber, 65 Pa. Superior Ct. 179. If, as a matter of fact, the loan was made to Theodore and his wife was only a surety for him, she would not be liable. As the matter now stands, the presumption is that they are both jointly liable, and the burden is on her, if she can prove it by competent evidence, to show that she comes within the exceptions. See Sibley v. Robertson, 212 Pa. 24; Class & Nachod Brewing Co. v. Rago, 53 Pa. Superior Ct. 418, and Wynn v. Duve, 74 Pa. Superior Ct. 432. The second cause of demurrer is that the suit has been brought against Lizzie A. Kendall, and the exhibit is signed by Mrs. Theo. H. Kendall, and that the statement contains no allegation that they are one and the same person. Technically, that position is correct, and the plaintiff has leave to amend if the learned counsel for the defendant insists.

And now, Dec. 7, 1925, demurrer overruled. Leave is granted the defendants to file an affidavit of defence within fifteen days from this date.

From Henry D. Maxwell, Easton, Pa.