## Progress Finance Company v. Hunn et al.

*J. Blank*, for plaintiff; *David Feldman*, for defendant.

MARTIN, P. J., June 28, 1929.—Judgment was entered on a note signed by defendants containing a warrant of attorney to confess judgment. Damages were assessed and execution issued against the defendant, Rose A. Hunn.

A petition was filed by her, alleging that she is a married woman; that her maiden name was Rose A. Hunn, and her married name is Rose H. Katz; that she was married at the time the note was signed by her, and executed it as surety and accommodation endorser for the defendant, Joseph Brookman.

A rule was granted to show cause why the judgment should not be opened and the defendant, Rose H. Katz, be allowed to interpose a defense.

An answer was filed on behalf of plaintiff, which denied that the note was executed by petitioner as surety for a loan made to the defendant, Joseph Brookman, and averred that plaintiff's check was delivered and made payable to both defendants and was collected by Rose A. Hunn.

Depositions were taken, by which it appears that the application for the loan was made by the defendant Brookman, a brother-in-law of the defendant, Rose H. Katz, and that when plaintiff required that he obtain an endorser, he suggested his sister-in-law, the defendant; but plaintiff refused to accept her as endorser; that at the request of the defendant, Brookman, she joined in the execution of the note; that, although plaintiff's check was made to the order of both defendants and deposited by the defendant, Rose A. Hunn, she paid the entire amount to the defendant Brookman.

The depositions disclose that the arrangement which resulted in Rose H. Katz signing the note was made by the parties for the purpose of evading the law which protects a married woman endorser, by presenting the appearance that she was a principal in the transaction.

In Sibley *v.* Robertson, 212 Pa. 24, 27, Mr. Justice Mestrezat, quoting, said: "Her liability is not determined alone by the form of the obligation. If the object was to evade the disability created by the statute, the fact and not the form, will determine her liability."

This language is applicable to the present case: "The whole transaction was a transparent device, adopted by the plaintiffs and the husband, to evade an express statutory enactment; to create, by form, a liability, where by law none in fact existed. As she received no benefit, as the plaintiff was in no way deceived, she was under neither moral nor legal obligation to pay, and there should have been no verdict against her."

And now, to wit, June 28, 1929, the rule to show cause why the judgment should not be opened and the defendant, Rose A. Hunn, allowed to interpose a defense is made absolute.